ADELINE J. GORDON, administratrix *cum testamento annexo* of George P. Gordon, deceased, et al., and AUGUSTUS SIDNEY DOANE, appellants,

*v.*

WILLIAM W. OLD, executor &c. of Lenora M. Van Wyck, deceased, PAULINE THERESA REITZ, SAMUEL RICHARD RUYSSENAER et al., respondents.

On appeal from a decree of the ordinary, whose opinion is reported in *Gordon's Case, 5 Dick. Ch. Rep. 397.*

---

Gordon v. Old.

---

*Mr. Gilbert Collins*, for the appellants.

*Mr. Barker Gummere* and *Messrs. Miller & Old* (of New York), for the respondents.

PER CURIAM.

The paper in question, purporting to be the last will of George P. Gordon, deceased, was presented to the ordinary for probate on the 17th of January, 1891. No caveat was filed in the surrogate's office of the county against the probate of such a will, and it appearing to the ordinary that it would be exceedingly difficult, if not impossible, to ascertain what interests would be affected by the probate and what persons should be notified of the proceedings for probate, the ordinary, under the circumstances, considered it expedient to permit probate "in common form" in the first instance, and if a contest should arise thereafter, to require solemn proof, and admitted the will to probate and granted letters *cum testamento annexo* to Adeline J. Gordon and William H. Corbin.

The deceased died at. Norfolk, in 1878, leaving a widow, Lenora M. Gordon, and a daughter, Mary Agnes Gordon, his only heir-at-law. At the time of his death he resided in Brooklyn, in the State of New York, and letters of administration were issued by the surrogate of the county of Kings, in the State of New York, to Henry J. Cullen, as public administrator.

On the 13th of February, 1891, shortly after the probate was made, Cullen, as the personal representative of the deceased, under the New York letters, and Lenora M. Van Wyck, the widow of the deceased, and Pauline Theresa Reitz and Samuel Richard Ruyssenaer, devisees and legatees under the will of Mary Agnes Gordon, daughter and only heir-at-law of the deceased, presented a petition to the chancellor alleging that the said will was not the will of the deceased, and praying that the said probate be annulled and revoked, and that the parties filing the same be directed to proceed anew to prove said will, and that all persons concerned and interested be cited and made parties to the proceeding.

Gordon v. Old.

Upon filing this petition a rule to show cause was granted, testimony was taken, and the ordinary, being of opinion that the paper purporting to be the last will of the deceased was not executed by him, made his order and decree that the probate of the same theretofore granted be revoked and annulled, and also denied probate thereof.    From this decree this appeal was taken.

The facts appear in the opinion of the ordinary.

The production of this will so long after the death of Mr. Gordon, and after the litigation in the New York courts over another will purporting to be his last will, tended to excite suspicion of its genuineness and made it eminently proper that it 'should not be admitted to probate on mere formal proof.    The ordinary, in admitting the paper to probate on such proof, contemplated that the order for probate should be final only in the event that the paper propounded as a will should stand the test of a controversy if any contest should arise, and the order appealed from was in effect setting aside the order previously made by the ordinary himself.    Of the regularity of the practice and procedure adopted we have no doubt.    This court, being of opinion that the paper presented for probate was not the will of the deceased but was a forgery, affirm the decree.    Whether, when a will is admitted to probate in compliance with the statute and the practice of our courts, the court, of its own motion, or at the instance of the next of kin or other persons interested, may require it to be proved in what is known in the English law as solemn form, and if so, by what practice and procedure and in what court such an investigation shall be conducted, we do not decide.

The decree is affirmed.

*For affirmance*—DEPUE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SMITH—10.

*For reversal*—None.