JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON, LINDLEY M. GARRISON, EDMUND B. LEAMING, JAMES E. HOWELL AND VIVIAN M. LEWIS, VICE-CHANCELLORS.

---

JOHN T. COOK et ux.

*v.*

MASON M. COOK et al.

[Decided March 8th, 1913.]

1. In a suit for partition, a plea setting up that it is not true that the deceased ancestor died seized of the premises described in the bill, or that they descended to the complainant and the defendants as the children and heirs-at-law of the deceased, or that the complainants and defendants

223

are seized of the premises as the heirs-at-law of the decedent, is clearly bad, and will be overruled, because it does not say why or wherefore the complainant and other parties are not seized of the premises in question, but simply states that they are not.

2. Matter relied upon in a plea to a bill in equity must be accompanied by such averments as are necessary to support it.

3. While there is no such practice as a motion to strike out a plea unless it be sham and frivolous, yet a motion to strike out an insufficient plea may be considered as if the plea had been set down for argument.

On motion to strike out plea.

*Mr. William J. Backes,* for the motion.

*Messrs. Wicoff & Lanning, contra.*

WALKER, CHANCELLOR.

The bill is one for partition. It alleges that Allison Ely Cook was, at the time of his death, seized in fee-simple of a certain farm or tract of land (describing it), being the same premises conveyed to him by Hugh H. Hamill, administrator, &c., pursuant to an order of the orphans court, &c., which deed bears date April 1st, 1893, and is recorded, &c.; that the said Allison Ely Cook died intestate April 1st, 1911, leaving the complainant and certain brothers and sisters, his only children and heirs-at-law, him surviving; and that by his death intestate said farm and premises descended to his children who became seized thereof as tenants in common in fee-simple absolute. After setting out the undivided interests of the tenants in common, the bill prays for a partition or sale of the lands in the usual form, and prays that the defendants may full, true, direct and perfect answer make to all and singular the charges and matters contained in the bill, as fully and particularly as if the same were again repeated and they thereunto particularly interrogated, &c.

A plea has been interposed by certain defendants which sets up that it is not true that Allison Ely Cook died seized of the premises described in the bill, or that they descended to the complainant and the defendants as the children and heirs-at-

law of the deceased, or that the complainants and defendants are seized of the premises as the heirs-at-law of the decedent.

The present motion is to strike out the plea as sham and frivolous.

The plea is clearly bad. It does not say why or wherefore the complainant and other parties are not seized of the premises in question, but simply states that they are not. In *Corlies* v. *Corlies' Exrs., 23 N. J. Eq. (8 C. E. Gr.) 197,* a plea that complainant was incapable of taking care of herself or her property was held to be bad, because it did not set up idiocy, lunacy or imbecility of mind or inquisition found. The plea under consideration in this case is bad for the same reason. Matter relied upon in a plea to a bill in equity must be accompanied by such averments as are necessary to support it. *1 Dan. Ch. Pl. & Pr. (6th Am. ed.) 682.* The plea in *Moss* v. *Lane, 50 N. J. Eq. (5 Dick.) 295,* was overruled upon substantive grounds, but doubtless it would have been overruled as insufficient if it had merely averred that the will under which the complainant claimed was not the last will of the decedent without going on, as it did, to show that there was another and later will.

Furthermore, it may be that the plea is bad because not accompanied by an answer with regard to the matters alleged in the bill showing the title in the parties to the premises. Undoubtedly this would be so if the bill had prayed discovery and propounded interrogatories as to the title. While there was no prayer for discovery and no specific interrogatories, nevertheless there is a prayer for answer to every charge and matter contained in the bill, and that may require an answer to enable the complainant to make out his claim of title by means of any admissions the defendants might make. In the case of a bill alleging a partnership and averring that its existence is made out by certain documents, a plea merely denying the existence of the partnership would be bad, the defendant being required to go further and answer as to all the circumstances insisted upon as evidence of the partnership. *1 Dan., supra, 619 et seq.* In the case at bar the bill alleges title in the ancestor of the parties in virtue of a conveyance to him of the

15

lands in question, which conveyance is set out and described. This would seem to be tantamount to the averment of a partnership made out by documentary evidence. However, this question was not raised.

While there is no such practice as a motion to strike out a plea (*Wilson* v. *American Palace Car Co., 63 N. J. Eq. (18 Dick.) 557*), unless it be sham and frivolous (*Moore* v. *Moore, 74 N. J. Eq. (4 Buch.) 733*), yet, under *Corlies* v. *Corlies, supra,* a motion to strike out an insufficient plea may be considered as if the plea had been set down for argument. The plea before me will. therefore, be overruled.