OF

## THE STATE OF NEW JERSEY

### 1921.

---

EDWIN ROBERT WALKER, ORDINARY.

EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER,
MALCOLM G. BUCHANAN AND JAMES F.
FIELDER, VICE-ORDINARIES.

---

In the matter of the estate of HANNAH ATKINSON, deceased.

[Decided November 10th, 1921.]

1. An unnoted and unexplained alteration apparent upon the face of a will is presumed to have been made after execution, and the burden of proof is upon any party asserting the contrary to show that the alteration was in fact made before the execution of the testament.

2. An unnoted and unexplained alteration apparent upon the face of a will, made after execution, is entirely inoperative, and in such case the testament should be admitted to probate with the alteration stricken out.

139

3. H. A. duly executed her last will and testament and a codicil thereto; at the end of one of the items in the codicil, and at the bottom of the first page, she wrote with her own hand the following: "Give sally the guint lookins glass Hannah Atkinson" (meaning, doubtless, give Sallie Haines—the only "Sallie" mentioned in the instruments—the gilt looking glass). Both subscribing witnesses to the codicil testified that at the time of its execution only the last page thereof, on which was the signature of the testatrix, was exhibited to them, and that neither of them saw the first page upon which the interlineation appears; there was no other testimony.—*Held*, that the interlineation must be held to have been made after execution, and is therefore void. *Held, further*, that the will and codicil be admitted to probate, with the interlineation stricken from the codicil.

On petition for probate of will and codicil thereto.

*Mr. Harold B. Wells,* for the petitioners.

WALKER, ORDINARY.

The will of Hannah Atkinson, late of the county of Burlington, deceased, and a codicil thereto, are offered for probate in this court. They are in typewriting. Both the subscribing witnesses to the codicil, in which occurs the alteration hereafter referred to, were examined and testified that at the time of its execution only the last page thereof, on which was the signature of testatrix, was exhibited to them, and that neither of them saw the first page on which an interlineation in manuscript in the testatrix's handwriting, which they knew, appears as follows: "Give sally the guint lookins glass Hannah Atkinson" (meaning, doubtless: •Give Sallie Haines—the only "Sallie" mentioned in the instruments—the gilt looking glass). The question is, Was the alteration made before or after the execution of the codicil, and if afterward, what is the effect of it? There is no testimony on the subject of the alteration except as above stated.

In *Ward* v. *Wilcox, 64 N. J. Eq. 303,* Magie, ordinary, in considering an alteration apparent upon the face of a will, and which was unnoted by anything appearing on the instrument, held, that, assuming that that raised a presumption that the alteration was made after execution, such presumption in the case before him was overcome by evidence that it was made before execution; and (at *p. 309*) he observed that in the circumstances it was un-

necessary to decide what effect would have been produced if such presumption had been left unrebutted. Affirmed on the opinion of the ordinary. *65 Ibid. 397.* It has, however, been since decided, both in this court and in the court of last resort, that an unnoted and unexplained alteration apparent upon the face of a will is presumed to have been made after execution, and that the burden of proof is upon any person asserting the contrary to show that the alteration was in fact made before execution. *Smith* v. *Runkle, 97 Atl. Rep. 296.* Essex county orphans court, per Martin, J.; affirmed, prerogative court, *Ibid. 305,* per Walker, ordinary; affirmed, court of errors and appeals, *per curiam, 98 Atl. Rep. 1086.* There were three appeals altogether, and the questions raised were comprehended in the decision of the orphans court *(97 Atl. Rep. 296)*, and also in my opinion affirming that court *(Ibid. 305)*. Each appeal was treated separately by the court of errors and appeals. The one above referred to *(Smith* v. *Runkle, 98 Atl. Rep. 1086)* was on the question involved in the case at bar; and the others *(Godley* v. *Smith, Ibid. 1085,* and *Smith* v. *Scholfield, Ibid. 1087)* were on other questions.

In *Smith* v. *Runkle,* the point left undecided by Magie,. ordinary, in *Ward* v. *Wilcox,* as to what effect is produced where alteration after the execution of a will is shown, is also undecided; and that because in *Smith* v. *Runkle,* as in *Ward* v. *Wilcox,* the presumption was rebutted and the alteration was shown to have been made before execution. There is this difference between the two cases: In *Smith* v. *Runkle,* Judge Martin observed that there was no direct and positive evidence to show when the alteration of the will was made, whether before or after its execution or that of the codicil, and he held, as a fact, that the alteration (half sheet) was prepared and annexed to the will prior to the execution of the codicil, and that the execution of the codicil re-published and re-executed the will, citing authorities. The principle is the same whether an alteration is made before the execution of a will, or, if made afterward, is made before the execution of a codicil which re-publishes the. testament with the alteration in it. •

Now, as to the open question, namely, the effect of an unnoted and unattested alteration made upon the face of a will after its execution.

In the *Matter of Prescott, 4 Redf. (N. Y. Sup. Ct.) 178*, it was held:

"Where the testator, after the execution of his will, makes erasures and interlineations therein, without intending to revoke, and without re-executing the same, the will will be admitted to probate as originally executed."

In *Gardn. Wills (1916)* it is stated (at *p. 234*):

"If made after execution additions are inoperative unless the will is re-executed, or unless there is a further execution with reference to the particular alterations."

In *1 Alex. Com. Wills (1917)*, it is laid down (at *p. 763*):

"The general rule may be stated that no obliteration, addition, interlineation or alteration of or to a will, by the testator subsequent to the execution of the instrument, is effective to alter the dispositions originally made, provided the will as it originally stood can be deciphered, or, with the aid of extrinsic evidence, can be supplied."

In *40 Cyc.* the text-writer states (at *p. 1097*):

"Alterations made subsequent to the execution of the will are generally held not to revoke the will or to impair its validity as a whole, especially where the alterations made are of an immaterial nature and do not change the legal effect of the provisions of the will,"

and (at *p. 1196*):

"An addition to, or alteration of, a will does not operate to revoke it unless made *animo revocandi*, and that intention, to be effective, must be evinced in the mode prescribed by the statute."

The principle laid down by the above-mentioned authorities, to the effect that an unnoted and unexplained alteration apparent upon the face of a will, made after execution, is inoperative, is so apparently sound and entirely consonant with right reason that I deem it unnecessary to examine the numerous authorities cited by the text-writers in its support.

Our statute of wills provides how any written revocation of a testament, or any part thereof, may be made. See *Comp. Stat.* p. 5870 § 25.

Mrs. Atkinson, in her will, after devising certain real and personal property, provides that all of the residue of her property, real and personal, is to be converted by her executors and distributed among certain-named legatees. In the codicil (in which the interlineation occurs), after ratifying and confirming her will save as altered in the codicil, she makes specific bequests to certain persons. At the end of the seventh item the interlineation in her handwriting appears, as follows:

*"Give sally the guint lookins glass Hannah Atkinson."*

As above remarked, there is no evidence whatever as to when this addition was made; and it must, therefore, under our decisions, be held to have been made after execution. The looking-glass referred to in the addition is not otherwise specifically disposed of, and, therefore, passes to the executors in trust under the residuary clause in the will. There is nowhere apparent an intention to impair the validity of any provision of the will or codicil by or through the addition made by testatrix.

The result reached is, that in admitting the will and codicil to probate the words interlined in manuscript in the codicil, namely, "Give sally the guint lookins glass Hannah Atkinson," must be stricken from the instrument.

Order for probate accordingly.