The bill of complaint in its relation to the defendant James J. Hill has been voluntarily dismissed. The complainant now seeks an order striking out the answer and counter-claim filed by the defendant Christopher J. McTamney.
In her bill, the complainant declares that her mother died intestate on August 20th, 1931, seized in fee-simple of a parcel of real estate situate on the westerly side of Lamberton Street in the City of Trenton. Surviving her were her husband and seven heirs-at-law including the complainant. The husband *Page 29 
of the deceased continued to occupy or to receive the entire income from the premises until his demise on June 27th, 1944. On April 16th, 1945, the complainant acquired by deed of conveyance the estates of five of the other heirs. She acknowledges that the defendant is seized of an undivided one-seventh portion of the premises. The prayer of the bill solicits a partition of the property according to the course and practice of this court.
I experience no hesitancy in striking out the defendant's counter-claim contrived to recover in this court and in this cause the personal property of the deceased mother. Vide,Buchanan v. Buchanan, 75 N.J. Eq. 274; 71 Atl. Rep. 745;Trenton v. Howell, 132 N.J. Eq. 125, 128; 27 Atl. Rep. 2d609; Chancery Rule 27.
Turning then to the answer, it is observed that in it the defendant avers that the mother died testate, and by her last will she devised all of her real property to her son, the present defendant. Additionally it is therein averred that the will and testament is in the possession of the complainant. It is, of course, mutually acknowledged that no instrument purporting to be the will of the deceased has been probated or ever presented to the appropriate authorities for such purpose.
The answer is assailed for two principal reasons. It is challenged as sham, and if not to be so regarded, it is impugned as insufficient in its averments to embrace a defense to the alleged cause of action, hence frivolous. I discussed the basic rules applicable to such a motion in Scarano v. Scarano,132 N.J. Eq. 362; 28 Atl. Rep. 2d 425. The broad object of the inquiry is to ascertain whether that which in form and appearance seems to be an issue, is an actual, genuine, and veritable issue, to the end that false or frivolous pleadings may be intercepted and that justice shall not be unjustifiably impeded.
The factual ingredients of the answer receive some measure of support from the affidavits of Mary A. Higgins and of the defendant. The former deposes that about twenty-five years ago she typed a will for the mother, Mrs. Mary McTamney, at the dictation of her employer, Mr. Nicholas C. Harter, at his office in the Broad Street Bank Building at Trenton, and *Page 30 
that Mrs. McTamney executed the will in their presence and that she and Mr. Harter signed as the subscribing witnesses. The defendant, the affiant asserts, was also present. The will was at once delivered to the testatrix. A copy was not made. The defendant corroborates Miss Higgins and adds that in August, 1931, seven days before the mother's death and upon her departure from her home to the hospital, his mother stated to him in the presence of the complainant, "Christy, I will not come back. I have left everything to you." She had previously informed him, he says, that her will was with her "other papers" in the closet of the bedroom which she and the complainant had been occupying. The mother did not thereafter return to her home. She died at the hospital.
Assuming that a will was duly executed by the mother, if it remained in her custody after its execution and she had ready access to it, the fact that it cannot be found after her death raises the presumption that she destroyed it animo revocandi.
The presumption is, of course, rebuttable. It may be temporarily inferred from the affidavit of the defendant that the will was left in the custody of the complainant. In re Calef, 109 N.J. Eq. 181; 156 Atl. Rep. 475; affirmed, 111 N.J. Eq. 355;162 Atl. Rep. 579. The defendant is unable to produce any will. The complainant reasserts in her affidavit that the mother died intestate.
Is the deposition of the defendant in so far as it relates to the oral declarations of his deceased mother, legally competent and admissible? An inquisitive interest in the admissibility of such declarations can be gratified by a contrastive study of the following cases and texts: Boylan v. Meeker, 28 N.J. Law 274
(on p. 283); Rusling v. Rusling, 36 N.J. Eq. 603;Pemberton's Case, 40 N.J. Eq. 520 (on p. 528);4 Atl. Rep. 770; affirmed, 41 N.J. Eq. 349; 7 Atl. Rep. 642; Gordon's Case,50 N.J. Eq. 397 (on p. 424); 26 Atl. Rep. 268; affirmed,52 N.J. Eq. 317; 30 Atl. Rep. 19; State v. Ready, 78 N.J. Law 599;75 Atl. Rep. 564; In re Haness, 98 N.J. Eq. 645, 649;130 Atl. Rep. 655; In re Tobin, 111 N.J. Eq. 592, 604; 163 Atl. Rep. 128;reversed, 114 N.J. Eq. 170; 168 Atl. Rep. 464; 62 A.L.R. 698,note *Page 31 III, supplemented, 119 A.L.R. 1366; 79 A.L.R. 1493, 1498;Wigmore, Evidence (2d ed.), § 1734.
I must be polite to those authorities, but I observe that the admissibility of the declaration of the deceased here sought to be proved seems to have been countenanced by the decisions inCampbell v. Smullen, 96 N.J. Eq. 724; 125 Atl. Rep. 569;affirmed, 125 Atl. Rep. 926, and In re Schnebel's Will,141 Atl. Rep. 313; affirmed, 104 N.J. Eq. 488; 146 Atl. Rep. 916,
both of which as noted were affirmed by the Court of Errors and Appeals.
Although the evidence exemplified by the supporting affidavits may not be ultimately regarded as adequate to sustain the defense interposed by the answer, yet it deters me from condemning the factual averments as palpably false. Datz v. Barry, 115 N.J. Eq. 84,87; 169 Atl. Rep. 685.
The other disparagement of the answer relates to the deficiency, if any, of the answer to aver an adequate factual basis upon which any legitimate and meritorious defense can be predicated. The will said to be in existence has neither been offered for probate nor established as a lost instrument. If, for immediate purposes, it is to be assumed in acceptance of the predications of the answer that an unprobated will exists bestowing the title of the real estate upon the defendant, then I apprehend the question is at once projected whether title to real estate so sought to be transmitted passes to the devisee immediately upon the death of the testatrix, or upon the probate of her will.
I am surprised at the poverty of authority upon that precise point in our own reports. There is, of course, the fundamental principle of modern law that the fee in real property must always be vested in someone or, as Fearne would say, it cannot be "innubibus." Fidelity-Philadelphia Trust Co. v. Harloff, 133 N.J. Eq. 44; 30 Atl. Rep. 2d 57.
Page in his admirable treatise on Wills 506 § 1586, announces: "* * * upon the death of the testator and even before the probate of the will, the general rule is that title to realty vests in the devisee, subject to the power to sell for testator's debts * * *." Such is classified as the majority rule in 69C.J., "Wills," § 2460. Cf. Moss v. Lane, 50 N.J. *Page 32 Eq. 295; 23 Atl. Rep. 481; Cook v. Cook, 81 N.J. Eq. 223;87 Atl. Rep. 120; In re Boyle, 133 N.J. Eq. 149, 150; 30 Atl. Rep.
2d 827.
In the consideration of this branch of the motion I must presuppose the ability of the defendant to sustain the factual averments of his answer, and accordingly I am constrained to conclude that the title of the complainant is denied and drawn into dispute.
The circumstances persuade me that the motion to strike the answer should be denied. In view of the equitable tenor of the issue, let the cause proceed in this forum. *Page 33