18 N.J. Super. 63 (1952)
86 A.2d 704
IN THE MATTER OF THE ESTATE OF NELSON B. ALLEN, DECEASED.
PERCY ALLEN, ET ALS., PLAINTIFFS-RESPONDENTS,
v.
JOHN I. GIDNEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1952.
Decided February 14, 1952.
Before Judges JACOBS, EASTWOOD and BIGELOW.
*64 Mr. Milton T. Lasher argued the cause for the appellant.
Mr. John E. Selser argued the cause for the respondents (Mr. Albert J. Wuytack, attorney).
The opinion of the court was delivered PER CURIAM.
On July 19, 1940, the decedent Nelson B. Allen duly executed his will in the presence of attesting witnesses who did not observe its contents. The County Court determined that certain matters now embodied in the will were added by the decedent after its execution and the present appeal is from the ensuing judgment.
The will was executed on a printed form and the testamentary dispositions are in the decedent's handwriting. The first paragraph bequeaths $50 to each of his five grandchildren and $25 to his favorite "neice." The name Edith De Revere is interlined after the word "neice" and the words "In war bonds. N.B.A." were added. The second paragraph provides that "what money" is left after payment of debts is to be divided amongst his son Percy, his daughter Ethel and the three children of his deceased daughter Edith. Cf. Baldwin v. Baldwin, 107 N.J. Eq. 91, 93 (Ch. 1930). The third and fourth paragraphs seem to have been written at some time or times other than the preceding paragraphs. The third provides that the balance of his property is given and bequeathed to his daughter Ethel M. Gidney and the fourth reads, "Shares in stocks to be put in the names of Jean Elizabeth Gidney.  Ann Marie Gidney.  John Nelson Gidney."
The appellant concedes that the names Ann Marie Gidney and John Nelson Gidney must have been added after the execution of the will on July 19, 1940; the former was born on August 3, 1941, and the latter was born on August 5, 1942. Mr. Hartkorn, an acknowledged handwriting expert, testified that the third and fourth paragraphs including the names Ann Marie Gidney and John Nelson Gidney were written at one sitting; he further testified that the interlineation *65 and addition in paragraph one were also written at that time. The record contains no oral testimony to the contrary, expert or otherwise. The County Court on the basis of the testimony and its examination of the will made the determination that the interlined and added words in the first paragraph and all of the third and fourth paragraphs were written after the due execution of the will on July 19, 1940. Cf. Smith v. Runkle, 97 A. 296 (Prerog. 1915), affirmed 86 N.J. Eq. 257 (E. & A. 1916); In re Atkinson, 93 N.J. Eq. 139 (Prerog. 1921). Under accepted principles of review we see no occasion for disturbing its factual finding. See McGowan v. Peter Doelger Brewing Co., 10 N.J. Super. 276, 281 (App. Div. 1950).
The appellant urges that the County Court erred in excluding evidence of an alleged statement made by the decedent to Ethel M. Gidney after the execution of the will; the statement was offered to prove the contents of the probated will at the time of its earlier execution and its exclusion was not error under pertinent decisions of our courts. See Smith v. Runkle, supra; Ward v. Wilcox, 64 N.J. Eq. 303, 311 (Prerog. 1902), affirmed 65 N.J. Eq. 397 (E. & A. 1903); 6 Wigmore, Evidence, § 1736 (3d ed. 1940). But compare the lost will cases cited in McTamney v. McTamney, 138 N.J. Eq. 28, 31 (Ch. 1946). At the argument on the appeal the appellant relied on the persuasive opinion of the Chief Justice in Robertson v. Hackensack Trust Co., 1 N.J. 304, 315 (1949) where it was suggested that declarations of decedents should be admissible generally. See Model Code of Evidence, Rule 503 (1942); 75 N.J.L.J. 4 (1952). However, that was a concurring opinion which differed with the majority on the evidential question there presented and this court is not at liberty to follow its views in preference to the presently controlling decisions of the court of last resort.
Affirmed.