ST. LOUIS, S. F. & T. RY. CO. v. GIBSON.
(No. 2111.)

(Court of Civil Appeals of Texas. Texarkana.
April 3, 1919.)

1. CARRIERS ⬤═333(1)—PASSENGERS—PERSON-
AL INJURY — NEGLIGENCE — CONTRIBUTORY
NEGLIGENCE.

If a passenger, while alighting from a train,
was negligent in not looking to see the position
of the step box, and such negligence contributed
to her injury, she cannot recover, notwithstand-
ing defendant's brakeman was also guilty of
negligence, which was a proximate cause of such
injury.

2. CARRIERS ⬤═349—INJURY TO PASSENGERS—
ALIGHTING FROM CAR—CONTRIBUTORY NEG-
LIGENCE—VERDICT.

In an action by a passenger to recover for
personal injuries received while alighting from
defendant carrier's car, a verdict and findings
held not to warrant a judgment for plaintiff in
view of findings showing plaintiff's failure to
exercise ordinary care.

3. CARRIERS ⬤═339—PASSENGERS—PERSONAL
INJURY—CONTRIBUTORY NEGLIGENCE—PROX-
IMATE CAUSE.

In a passenger's action against a carrier for
injuries received while alighting from a train,
where the jury found plaintiff negligent in fail-
ing to look to see the position of the step box,
such negligence was the proximate cause of the
injury suffered, and a contrary finding of the
jury must have been the result of a misappre-
hension of the jury.

Appeal from District Court, Grayson Coun-
ty; C. T. Freeman, Judge.

Suit by Mrs. Maude Gibson against the St.
Louis, San Francisco & Texas Railway Com-
pany. Judgment for plaintiff, and defendant
appeals. Reversed and remanded.

In alighting from one of appellant's pas-
senger trains, on which she had traveled to
Marilee, appellee fell and thereby was in-
jured. On the theory that appellant's brake-
man was guilty of negligence (1) in placing
a box for her to step on in alighting from the
train, and (2) in not properly assisting her in
alighting therefrom, which rendered appel-
lant liable to her in damages for the injury
she suffered, appellee sued appellant and re-
covered the judgment for $3,750 from which
the appeal is prosecuted.

Appellant denied that its brakeman was
guilty of negligence as charged, but insisted,
if he was, it was not liable to appellee, be-
cause she also was guilty of negligence which
caused or contributed to cause the accident,
in that (1) she walked down the steps of the
car "without properly exercising her facul-
ties," and (2) "permitted her dress to drag
or train behind her as she went down said
steps," and was caused to fall by reason

of the fact that another passenger stepped
thereon.

The court submitted special issues to the
jury, and by a verdict returned February 9,
1918, they made findings as follows: (1)
Appellee fell and was thereby injured. (2)
The injury was a temporary one. (3) The
step box was placed in such a position as to
be reasonably safe for her use in alighting
from the car. (4) The brakeman was guilty of
negligence in placing said step box in the
position it was in. (5) His negligence in so
placing the step box was a proximate cause
of the injury to appellee. (6) It was reason-
ably necessary for the brakeman to assist
appellee in alighting from the train. (7)
He did not assist or attempt to assist her.
(8) And for that reason was guilty of negli-
gence. (9) Which was a proximate cause of
the injury to appellee. (10) In alighting from
the train appellee did not look to see the
position of the step box. (11) Her failure
to do so was negligence on her part which
caused or contributed to cause the injury
she sustained. (12) Appellee did not permit
her dress to drag or trail behind her while
going down the steps of the car to alight
therefrom. (13) And she was not caused to
fall because another passenger stepped on
her dress as she moved down the steps of
the car. (14) Appellee exercised ordinary
care for her own safety in attempting in the
manner she did to alight from the train. (15)
She was damaged in the sum of $3,750.

Because he thought there was a conflict be-
tween (1) the findings numbered 3 and 4
above, (2) the findings numbered 3 and 5, and
(3) the findings numbered 11 and 14, the
trial court declined to receive the verdict,
and directed the jury to further consider
the matter of their answers to the issues sub-
mitted to them. February 11, 1918, the jury
returned another verdict, in which their find-
ings were like those in their first verdict
specified above, except that in their last ver-
dict (1) their third finding, to the contrary
of their finding in their first verdict, was
that the step box was not placed in such a
position as to be reasonably safe for use by
the appellee in alighting from the train; (2)
their eleventh finding, to the contrary of their
finding in their first verdict, was that the
failure of appellee to look to see the position
of the step box as she alighted from the train
was not negligence on her part which caused
or contributed to cause the injury to her;
and (3) their fourteenth finding, contrary to
their finding in their original verdict, was
that appellee failed to exercise ordinary care
for her own safety in attempting as she did
to alight from the train. In their last ver-
dict the jury further found, in reply to ques-
tions propounded to them that which they
did not answer in their first verdict: (1)
That appellee's failure to exercise ordinary

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

care for her own safety in alighting from the train as she did did not cause or contribute to cause the injury she suffered; and (2) that the injury she sustained was not the result of an accident.

Appellant excepted to the action of the court in refusing to receive the first verdict, and in overruling its motion to enter judgment thereon in its favor. It complains on this appeal of the action of the court in those respects, and also of the action of the court in rendering judgment for appellee on the verdict last returned by the jury.

McReynolds & Hay, of Sherman, for appellant.

Webb & Webb and Wood, Jones & Hassell, all of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] We are inclined to think the trial court erred when he refused to receive the verdict first returned by the jury and to render judgment thereon in appellant's favor. If appellee, in alighting from the train, was guilty of negligence (in that she did not look to see the position of the step box) which caused or contributed to cause, the injury she suffered, as the jury by their tenth and eleventh findings in said verdict determined she was, then she was not entitled to recover anything of appellant, notwithstanding its brakeman also was guilty of negligence which was a proximate cause of said injury. Therefore the fact that the findings in said verdict with reference to issues of negligence vel non on the part of appellant's brakeman may have been, uncertain or contradictory was not a reason why the verdict should not have been received and judgment thereon rendered that appellee take nothing by her suit. As we construe said verdict, the fourteenth finding (that appellee exercised ordinary care for her own safety in alighting from the train as she did) was the only one in it which furnished even a pretense of a reason for doubting that an effect of the findings was to determine that appellee was guilty of negligence which was a proximate cause of the injury she sustained. That finding harmonizes with the tenth and eleventh, when construed as a finding that appellee was not guilty of negligence in the other respect charged against her, to wit, that she permitted her dress to drag on the steps of the car as she walked down same; and we are inclined to think it should be so construed. 38 Cyc. 1930.

[2] But if it should not be, and if the trial court therefore did not err when he refused to receive that verdict and render judgment thereon as suggested, we are of the opinion, nevertheless, that the judgment should be reversed; for we think the findings of the jury in the second verdict on the issue of contributory negligence on the part of appellee were not more certain than were the findings in their first verdict on that issue. As noted in the statement above, the fourteenth finding in the second verdict was that appellee failed to exercise ordinary care for her own safety in attempting in the manner she did to alight from the train. That meant, of course, that in attempting in the manner she did to alight from the train she was guilty of negligence. Now, the manner in which appellee attempted to alight from the train, according to the findings, was to walk down the steps of the car and step therefrom to the step box without first looking to see its position on the ground. Therefore the jury must have meant, when they found appellee to have been guilty of negligence in the manner in which she alighted from the train, that she was negligent because she did not look, before stepping upon it, to see the position of the step box.

[3] If she was negligent in that respect, it must have been because a reasonably prudent person under the circumstances would have looked to see the position of the box before stepping upon it. If a reasonably prudent person would have done that, it must have been because such a person would have anticipated that in stepping for the box without looking to see its position he might miss it, or so step on it as to cause it to turn or tilt, as it did with appellee. If a reasonably prudent person would have anticipated such a result, and the jury in effect found he would, it should, we are inclined to think, be held as a matter of law that the negligence of which the jury found appellee to be guilty was a proximate cause of the injury she suffered, and therefore that the finding of the jury to the contrary must have been the result of a misapprehension on their part of the definition of "proximate cause" contained in the court's instructions to them. It would follow from this view of the findings in the second verdict, that judgment thereon should have been rendered for appellant, because it appeared that appellee was guilty of negligence which was a proximate cause of the injury she suffered; and we would be inclined to think such a judgment should have been rendered, but for the eleventh finding in that verdict, to wit, that appellee was not guilty of negligence which caused or contributed to cause the injury she sustained, because she did not look to see the position of the box before she stepped on it. If that finding means that she was not guilty of negligence in that particular, then clearly, we think, it is contradictory of the fourteenth finding in the same verdict. If it means she was guilty of negligence in the respect indicated, but that the negligence was not a proximate cause of the injury, we are inclined to think the contrary of the conclusion, that the negligence was not a proximate cause, appeared as a matter of law.

In any view which, as we see it, reasonably can be taken of the findings in the last verdict, they ought not to be treated as a sufficient support for the judgment rendered. Therefore the judgment will be reversed, and the cause will be remanded for a new trial.