**SOVEREIGN CAMP, W. O. W., v. PATTON et al. (No. 9671.)** *

(Court of Civil Appeals of Texas. Dallas. Nov. 13, 1926. Rehearing Denied Jan. 1, 1927.)

**1. Death ⬦2(1)—Absence from domicile for seven years raises presumption of death (Rev. St. 1925, art. 5541).**

Proof of absence from domicile or usual place of residence for seven years raises presumption of death under Rev. St. 1925, art. 5541, unless such presumption is overcome by proof that absentee was alive within that time, absence from state not being required.

**2. Death ⬦2(3)—Evidence absentee was fugitive from justice or had unhappy domestic relations held admissible to rebut presumption of death (Rev. St. 1925, art. 5541).**

Any evidence tending to show motive is admissible to rebut presumption of death arising from absence under Rev. St. 1925, art. 5541, including proof that absentee was fugitive from justice or that domestic relations were unhappy.

**3. Death ⬦4—Evidence held to sustain finding insured absentee was alive.**

In action on beneficiary certificate, evidence *held* sufficient to sustain finding, in effect, that assured, who had been absent for seven years, was alive, thereby precluding recovery.

**4. Appeal and error ⬦1177(7)—Appellate court will remand where case is susceptible of fuller development by additional evidence.**

Court of Civil Appeals in reversing will remand cause for new trial, where it is susceptible of fuller development and ends of justice will be better attained owing to additional evidence that may be secured.

**5. Insurance ⬦821—Amount of beneficial association's lien charge for increased rate should be deducted from judgment against it, if assured, absent for seven years, died after rate increase.**

In action against beneficial association on certificate issued on life of one absent for seven years, amount with interest of defendant's lien charge for increased rate should be deducted from judgment for plaintiff if insured died after date of raise in rates.

Vaughan, J., dissenting in part.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Action by Emily J. Patton and others against Sovereign Camp, Woodmen of the World. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Gresham, Willis & Freeman and Alvin H. Lane, all of Dallas, for appellant.
Charles M. Cocke, of Dallas, for appellees.

LOONEY, J. Appellees sued appellant on a beneficiary certificate issued on the life of their father, William Thomas Patton, and recovered the judgment, from which this appeal is prosecuted.

The only material question for our consideration relates to the death of the assured. Appellees contend that his death must be presumed from the fact that he absented himself from his home for seven years successively.

The facts are these:

Assured resided with his family, consisting of his wife and several minor children, in the city of Dallas and was engaged in the business of a jitney bus driver. On April 13, 1916, he informed his wife that he was going with some drummers to Fort Worth, Tex. Three days later she received a note from

him, inclosing $5 and informing her that it was his intention never to return. His wife has never seen him since, and, with the exception of the letter received as above stated, has never heard from him, although she prosecuted inquiries seeking to ascertain his whereabouts.

It developed that prior to his leaving home his wife, having heard of his association with other women, chided him in regard to this matter, and it appears that on April 30, 1917, a little over one year after his departure, she obtained a divorce based on proof of his association with other women. It was further shown that on May 16, 1916, the grand jury of Dallas county returned a bill of indictment against Wm. T. Patton, charging that on April 13, 1916, he fraudulently disposed of a mortgaged automobile, but the record fails to disclose any direct evidence identifying assured as being the defendant in the indictment.

The rule of evidence relating to the presumption of death from absence is a part of article 5541, Acts 1925, and reads as follows:

"Any person absenting himself for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that time. '* * *'"

This statute, as it appeared in former Codes, read, "Any person absenting himself beyond sea or elsewhere," etc., was amended by the late codifying commission by eliminating the words, "beyond sea or elsewhere." We do not think, however, the change in verbiage affected in any way the meaning of the statute.

[1] Appellant insists that in order to raise the presumption of death it was necessary to show that assured absented himself from the state of Texas. We do not accept this view. The presumption of death arises when it is shown that the person whose death it is sought to establish absented himself from his domicile or usual place of residence for seven years successively. The facts above recited were in our opinion sufficient to justify the presumption that assured died at some time during the seven years of absence, and, unless such presumption was overcome by proof that he was alive within that time, the judgment of the court below should be affirmed.

The court submitted to the jury the following issue: "Is Wm. T. Patton now dead?" The jury answered this question: "No."

[2, 3] Thus the case is narrowed to an inquiry as to whether or not the proof was sufficient to rebut the presumption of death. The rule of law generally approved seems to be that evidence of any nature tending to show a motive for the disappearance is always admissible to rebut the presumption of death arising from absence, and, among other circumstances, it may be shown that the absent person was a fugitive from justice or that his domestic relations were unhappy. 17

Corpus Juris, p. 1173, § 14. The finding of the jury in effect that assured was alive was, in our opinion, sustained by the evidence; hence judgment should have been rendered for appellant. Thetford v. Modern Woodmen, etc. (Tex. Civ. App.) 273 S. W. 666.

[4, 5] The court is a unit in agreeing that the case should be reversed, and a majority is of the opinion that the ends of justice will be attained with greater assurance by remanding the cause for a new trial. Direct evidence may be secured, proving with certainty whether assured is living or dead, and, if dead, the date of his death. If, however, evidence of this nature cannot be secured, and proof of death is still left to presumption, the lapse of time will tend to strengthen the presumption. Again, the circumstance offered in rebuttal, to the effect that the assured is a fugitive from justice, is susceptible of a fuller development, in that it is possible to show whether assured is in fact the Wm. T. Patton who was indicted by the grand jury of Dallas county. For these reasons the case will be remanded for a new trial. St. Louis San Francisco Ry. Co. v. Gibson (Tex. Civ. App.) 211 S. W. 263, 265. If on another trial it should be ascertained that the death of assured occurred since December 31, 1919, the date of the effectiveness of the raise in rates adopted by appellant, there should be deducted from any recovery in favor of appellees the amount, with interest, of appellant's lien charge for increased rates.

Reversed and remanded for further proceedings in harmony with the views here expressed.

VAUGHAN, J. (dissenting). The writer regrets to find himself out of harmony with that portion of the majority opinion remanding this cause for further proceedings, and thereby required to register this his dissent.

The only controverted issue, viz. whether or not assured was dead, was clearly, fully, and definitely raised by the pleadings and evidence introduced thereon by the contending parties. That the parties were aware of the importance of fully developing this issue the record leaves no room for doubt. Therefore it should be assumed that all the evidence available pro and con was by the litigants ascertained and introduced. The court properly submitted to the jury the one issue to be determined by that body, and the verdict rendered thereon was amply supported by evidence. On the coming in of the verdict, it was clear that the trial court was not authorized to render the judgment appealed from; same being not only not based upon, but in direct opposition to, the findings of the jury. All of this is clearly revealed by the record of the case before this court, which excludes every reasonable supposition (but not mere speculation) that "it is necessary that some matter of fact be ascertained" in

this cause material to the rights of either party. This cannot be otherwise, as the only fact in dispute was judicially determined on a legal trial according to the established forms of law, by which the rights of the parties were disposed of on a full and fair hearing. It is the opinion of the writer that under the condition of the record the provision of article 1856, R. C. S. 1925, "shall proceed to render such judgment or decree as the court below should have rendered," is mandatory, leaving no discretion to be exercised by this court. First Nat. Bank v. Crossett (Tex. Civ. App.) 268 S. W. 997; Way v. Guest (Tex. Civ. App.) 272 S. W. 217; Missouri, Kansas & Texas Ry. Co. of Texas v. Orr (Tex. Civ. App.) 272 S. W. 343.

· The holding of the majority in effect interprets the following language of article 1856, supra, "except when it is necessary that some matter of fact be ascertained," to mean and have reference to some additional evidence that might be discovered and introduced on another trial of the cause, thereby in effect according the losing party a second trial, not because of some material error committed by the trial court, but to give to the losing party another chance to secure additional evidence that might change the result on another hearing. This is directly in violation of the purpose of the statute, as is clearly revealed by the language thereof. The case having been fully developed, and the verdict of the jury showing no liability on the part of appellant, the judgment of the lower court should be reversed and rendered in favor of appellant.