### HERALDS OF LIBERTY v. FERN.*
### (No. 7645.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1926. Rehearing Denied Jan. 5, 1927.)

1. Insurance ⬡815(1)—Against general demurrer, allegation of insured's absence more than seven successive years will be held to mean absence from usual abode.

On attacking petition against fraternal benefit society through general demurrer, allegation that insured absented himself for more than seven successive years will be taken to mean that absence was from usual place of abode.

2. Insurance ⬡818(1)—Affidavits of insured's absence for seven successive years held admissible as showing compliance with terms of certificates.

Affidavits relative to insured's absence for seven successive years, made by persons in position to know, held admissible as tending to show compliance with terms of certificates in regard to proofs of death.

3. Death ⬡2(1)—Death presumed from absence for seven years (Rev. St. 1925, art. 5541).

Evidence of seven years' continuous absence *held*, under Rev. St. 1925, art. 5541, to conclusively raise presumption of death.

4. Death ⬡2(1)—Insurer must destroy presumption of death arising from seven years' absence (Rev. St. 1925, art. 5541).

Insurer has burden of destroying presumption of death, arising under Rev. St. 1925, art. 5541, on proof of absence for seven successive years.

5. Appeal and error ⬡1051(5)—Erroneous admission of hearsay evidence does not require reversal, where insured's death was proven by presumption arising from seven-year absence (Rev. St. 1925, art. 5541).

On ample proof of insured's death under presumptions raised by Rev. St. 1925, art. 5541, by reason of absence for seven successive years, any error in admitting hearsay evidence thereon does not require reversal.

6. Death ⬡2(1)—Statutory presumption of death from absence is applicable to all persons (Rev. St. 1925, art. 5541).

Rev. St. 1925, art. 5541, creating presumption of death from seven years' absence, is not restricted to weak, sickly, old, unmarried men, but is applicable to all persons of any age, sick or well, married or unmarried.

Error from District Court, Atascosa County; Covey C. Thomas, Judge.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted February 16, 1927.

Suit by Dewitt Fern against the Heralds of Liberty. Judgment for plaintiff, and defendant brings error. Affirmed.

Briscoe & Morris, of Devine, and Geo. J. Edwards, Jr., of Philadelphia, Pa., for plaintiff in error.

James A. Waltom and Earl D. Scott, both of Jourdanton, for defendant in error.

FLY, C. J. This is a suit for $1,000, brought by defendant in error against plaintiff in error, a fraternal benefit society, on two certificates, each in the sum of $500, issued by plaintiff in error to Edward B. Fern; defendant in error being designated as the beneficiary in each of the certificates. The cause was heard by the court, without a jury, and judgment was rendered in favor of defendant in error for $1,000.

[1] The petition was not subject to attack through a general demurrer. · It is alleged that Edward B. Fern absented himself for more than seven successive years, and, on attack through a general demurrer, it will be read into the pleading that the absence was from his usual place of abode. It was also alleged that there had been no knowledge of said Edward B. Fern having been alive for more than seven years after his disappearance. The first, second, and third assignments of error are overruled.

[2] The affidavits of P. L. Vickers, Walter E. Jones, and Jerome Hilburn were made as proofs of death of Edward B. Fern, and were admissible as tending to show a compliance with the terms of the certificates in regard to proofs of death. Each one of the affidavits was made by a man in a position to know, and who swore that Edward B. Fern had absented himself from the county and neighborhood in which he had resided for seven years successively. The affidavits were objected to because they were irrelevant, immaterial, and not responsive to the pleadings. The fourth assignment of error is overruled.

[3, 4] There was ample testimony to show that Edward B. Fern had absented himself from his home in Atascosa county for seven successive years, which met every requirement of article 5707 of the old statutes, and of article 5541 of the Statutes of 1925, and conclusively raised the presumption of his death. The statute cited placed the burden of destroying that presumption upon plaintiff in error when it was raised by the evidence. All that was required under the statute from defendant in error was proof that Edward B. Fern had absented himself for seven years successively. Mystic Circle v. Hoskins (Tex. Civ. App.) 171 S. W. 812; Woodmen of the World v. Robinson (Tex. Civ. App.) 187 S. W. 215; Woodmen of the World v. Piper (Tex. Civ. App.) 222 S. W.

649. As said in the case last cited by this court:

"In a suit with an insurance company on a life policy, the death of the insured may be established, as any other fact, by direct proof or circumstantial evidence, and after the expiration of seven years the presumption of the death of a party will arise from an unexplained absence without information concerning him. Under such circumstances, without any direct proof of death, the justifiable conclusion will be sustained that the party is dead."

A writ of error was denied in that case, and it has been cited with approval by the Court of Civil Appeals at Galveston in a recent decision: Woodmen of the World v. Davis, 268 S. W. 523.

[5] There being ample proof of the death of Edward B. Fern under presumptions raised by the statute, and the cause having been tried without a jury, errors in admitting the hearsay evidence complained of by plaintiff in error would not require reversal. Testimony of James A. Waltom as to what Bayard Fern, deceased, told him was not objected to on the ground of its being hearsay, and the other reasons assigned against its admission are untenable.

[6] Articles 5707 and 5541 do not restrict the presumption of death from seven years' absence to weak, sickly, old, unmarried men, but it is applicable to all persons of any age, sick or well, married or unmarried.

No question of limitations arises in this cause. The assignments of error and propositions thereunder are all overruled.

The judgment will be affirmed.