### BOSTIC v. AMERICAN NAT. INS. CO.
(No. 3650.)

Court of Civil Appeals of Texas. Texarkana.
March 1, 1929.

Rehearing Denied March 14, 1929.

Sturgeon, Birmingham & Sturgeon, of Paris, for appellant.

Beauchamp & Lawrence, of Paris, for appellee.

HODGES, J. In April, 1920, the American National Insurance Company, appellee in this proceeding, issued a policy insuring the life of McKinley Cook in the sum of $325. Cook was at the time about 19 years of age, and unmarried. His sister, the appellant, was named as the beneficiary in the policy. In April, 1928, the sister, joined by her husband, filed this suit against the insurance company, alleging that Cook was dead. As evidence of his death she alleged that he had absented himself from his last known place of residence since December, 1920, and had not during that time been heard from. The case was tried before the court, and a judgment rendered in favor of the insurance company upon the conclusion that the evidence was insufficient to create the presumption of death.

It appears from the record that the parties were colored people, and at the time the policy was issued resided in Paris, Tex., which place is still the residence of the appellant. Cook was an uneducated laborer, and lived with his sister while in Paris. In company with Laurie Brown, another young negro, he left Paris about May 1, 1920, accompanying a carnival, and thereafter traveled with that show over different parts of the country. He and Brown finally left the show in October, 1920, and lived with Brown's sister in Nashville, Tenn. Cook boarded there for several months, and then secretly left. Brown, upon whose testimony appellant relied to prove the disappearance of Cook, testified, in substance, as follows: He, Brown, had known Cook since they were little boys. They left Paris in April, 1920, and after traveling over different parts of the country finally went to Nashville, Tenn., where Cook boarded with Brown's sister. He left Nashville just before Christmas in December, 1920. That was the last time he had ever heard of Cook. The only property owned by Cook was a small trunk in which he kept his clothing. He left Nashville owing Brown's sister a board bill; he "slipped off" without letting any one know that he was leaving. Brown did not know when Cook left; he just learned that Cook was gone. When Cook left he took his clothing, but left his trunk. Brown remained at Nashville about a year, and during that time he did not see or hear of Cook, and had not heard of him since; all he knew was that Cook left the house where he was boarding. Cook was in excellent health at the time he left.

It thus appears that Cook's last known place of residence was Nashville, Tenn. The only evidence of his disappearance from that place, and the fact that he had not since been heard from at Nashville, is the statement of Brown. Brown had been absent from Nashville several years. For aught that appears to the contrary, Cook may be in Nashville now. Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 665.

We think the court correctly concluded that the testimony was insufficient to create

the presumption of death on account of the disappearance of Cook as required by article 5541 of the Revised Civil Statutes of 1925. The judgment will therefore be affirmed.