## AMERICAN NAT. INS. CO. v. GARCIA.

No. 8494.

Court of Civil Appeals of Texas. San Antonio.

Nov. 12, 1930.

Rehearing Denied Dec. 10, 1930.

Carter & Carter, of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

FLY, C. J.

Appellee, as surviving wife of Anacleto G. Garcia, sued appellant to recover the sum of $500 alleged to be due on a policy of insurance on the life of her said husband, as well as damages, costs, and penalties. The court instructed a verdict for appellee after hearing the evidence.

The jury passed only on the issue of what would be a reasonable attorney's fee. They found that the attorney's fee should be $100, which, together with the penalty of $60 and the principal of $500, amounted to $660.

On March 6, 1922, the insurance policy was issued, and on May 4, 1922, Anacleto G. Garcia left his home for Tampico, Mexico, to obtain employment. He was a telegraph operator and could not obtain employment because he could not speak English. He told friends that he intended to go back to Mexico to hunt for work. When he went to Mexico, he was carrying into execution a long-formed design, and there is no proof in the record that he contemplated returning to the United States. He went back to the country of his birth not far distant from the place where he formerly resided. He evidently was driven out by a revolution, for he always stated that it was his intention to return to his native land as soon as the affairs of government became settled. He left when the opportunity, long awaited, arose, and he wrote to his wife first from Tampico and then from Torreon. If he ever intended to return, we must presume that he did not so inform his wife, because she made no mention of it. No adequate effort was made by the wife to locate her husband, although it would have been easy to have communicated with friends and relatives in Mexico. She did not write to any one to obtain information about her husband, who had written to her from Torreon. He was in good health when he left Texas and there was no evidence tending to show that he was sick or infirm when he last wrote. The presumption of the continuance of life under the circumstances would destroy the legal presumption of death.

In the case of Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 665, 668, the

facts are quite similar to those in this case. A young man who lived in Texas, and whose life was insured, went to New Orleans and was known to be there, but for seven years nothing was heard of him and all trace of him was lost for more than seven years, and this court held that the facts were not sufficient to raise the presumption of death. Associate Justice H. H. Neill held:

"The contention of appellants that the death of Mrs. O'Connor and her son, Beckwith, should be presumed from their continued absence for seven years from Houston, where they once resided, they not having been heard of during that period, cannot be sustained. It is true that a presumption of death is raised by the absence of a person from his domicile when unheard of for seven years. Absence, in this connection, means that a person is not at the place of his domicile, and that his actual residence is unknown. It is for this reason that his existence is doubtful, and that, after seven years of such absence, his death is presumed. But removal alone is not enough. The further fact that he has disappeared from his domicile, and from the knowledge of those with whom he would naturally communicate, so that his whereabouts have been unknown for seven years or upward, is necessary to raise the presumption. But when a person removes from his domicile in one state, to establish a home for himself in another state or country, at a place well known, this is a change of residence, and absence from the last domicile is that upon which the presumption must be built. If alive when last heard from at his last domicile, the presumption is that life continues. Francis v. Francis, 180 Pa. 646, 37 A. 120, 57 Am. St. Rep. 668. Therefore, it being shown that Mrs. O'Connor and her son, Beckwith, having left their residence in Texas for New Orleans and having become domiciled there, their death cannot be presumed from their seven years' absence from Texas, even though it should appear that they were unheard of by their family, or those who knew them in this state, during that period."

That decision is supported by the cases of Bostic v. American National Insurance Co. (Tex. Civ. App.) 15 S.W.(2d) 108, Fowler v. Hardee (Tex. Civ. App.) 16 S.W.(2d) 154, and other Texas cases, as well as those of other states. The decision covers this case in every respect. It follows that when it was disclosed that Anacleto Garcia moved and was living in Mexico after leaving San Antonio, the burden rested upon appellee to show that he had disappeared from the last domicile and had not been heard from for seven years. That proof was not made and the court should not have instructed a verdict for appellee. He may be living in Mexico, to which country he went, and he was living there when he communicated with his wife. Mexi-

co was the place from which it was necessary to show that he had been absent for seven years without anything being heard from him, and not Texas, which he had forsaken.

The judgment is reversed, and the cause remanded.