## KANSAS CITY LIFE INS. CO. v. FISHER.

### No. 4425.

Court of Civil Appeals of Texas. Amarillo.
May 20, 1935.

Rehearing Denied June 17, 1935.

E. L. Klett, of Lubbock, for appellant.

Vickers, Campbell & Evans, of Lubbock, for appellee.

JACKSON, Justice.

The appellee instituted this suit in the district court of Lubbock county August 20, 1934, against the appellant to recover $2,500 principal, with 12 per cent. penalty and an attorney fee, on a life insurance policy in which she was beneficiary issued October 20, 1920, by appellant on the life of her husband, Henry L. Fisher.

The appellee alleged that on March 29, 1927, her husband absented himself and has not been seen or heard of since that date.

The appellant answered by general demurrer and general denial.

In response to special issues submitted by the court, the jury found that Henry L. Fisher had been absent from his last known home and not heard of for seven successive years next succeeding March 29, 1927; that appellee had used all ordinary and reasonable diligence in efforts to find her husband during that period; that he was not living; that she demanded of appellant payment of the policy sued on more than 30 days before the institution of the suit; and her husband was absent for a period of seven successive years prior to such demand; that a reasonable attorney fee is $300.

On these findings judgment was entered that appellee recover of appellant the principal sum of $2,500, with a penalty of $300 and an attorney fee of $175, which aggregates the total sum of $2,975.

■ The appellant contends that inasmuch as there is no evidence of the death of the insured and none that he had absented himself from home or from Denver, Colo., to which place he had moved when last heard from, the court should have peremptorily instructed the jury to return a verdict in its favor.

The testimony shows, without contradiction, the following facts: The appellant issued the insurance policy sued on October 20, 1920, and it was still in force and effect. Mr. Fisher came from the state of Wyoming to the state of Texas and he and appellee were married at Quanah, Tex., June 12, 1920. The first lived at Acme, Tex., about two years, and then moved to Thalia, Tex. There they acquired an equity in a home; he became postmaster and conducted a grocery business, and bought and sold some cotton until the early part of March, 1927. He then resigned as postmaster, disposed of his business and property, paid his debts, and deposited some money to his account in a bank at Crowell, Tex. He was a Mason, a Shriner, a member of the Mascat Shrine Temple at Wichita Falls. He and his wife had no domestic trouble, and when absent from home he regularly and frequently communicated with her. He was a reputable citizen and was never charged with any offense against the law. Immediately after disposing of their property at Thalia, he, with his wife, went to visit her sister who lived at Childress, Tex. His wife remained there temporarily while he left seeking employment. He went first to Pampa and then to Amarillo, from which place he telephoned his wife regarding her health, and a few days thereafter, probably March 25, 1927, he wrote and mailed to his wife a letter. March 29th thereafter, he drew a check for $5.50 on a bank at Crowell, Tex., written on a blank form check of some Denver bank, and mailed it to Mr. Albert Ellis, the recorder of the Mascat Shrine Temple at Wichita Falls, as payment in advance of five installments on his dues to a mutual benefit widows' fund maintained by the Temple. The check was received at Wichita Falls April 2, 1927, cashed, and credit given to the insured for said amount. He never drew another check on the account in the Crowell bank. March 29, 1927, was the last ever heard of him or from him, directly or indirectly, by his wife, friends, or any of the members of the Masonic fraternity, residing in the vicinity of Wichita Falls, Vernon, Acme, Thalia, Crowell, or any place in Texas where he had resided. His wife, friends, and members of the Masonic lodges at Thalia, Vernon, and Wichita Falls made search and extensive inquiry in an effort to find the insured, and the recorder, Mr. Ellis, of the Temple at Wichita Falls, sent a description of him to every Shrine Temple in the United States, including the Temple at Denver, and requested that search and inquiry be made for Mr. Fisher. Mr. Ellis, upon several trips to Denver, made inquiry as to the recorder of the Denver Temple and his other friends and acquaintances in an effort to locate the insured, and other friends of appellee and the insured made personal inquiry among their friends and acquaintances in Denver, and from his acquaintances in Wyoming, none of which resulted in any information as to the whereabouts of insured.

Under these facts the appellant was not entitled to a peremptory instruction.

■ No issue was submitted and no objection to the failure to submit, and no request made for the submission of any issue pertaining to any explanation of the absence of insured, and neither is any complaint made in this court for failure to submit this issue. Hence, the question of explained or unexplained absence is not

before us. French v. McGinnis, 69 Tex. 19, 9 S. W. 323; Thetford v. Modern Woodmen of America (Tex. Civ. App.) 273 S. W. 666.

■ The appellant assails, by numerous assignments, the action of the trial court in refusing to submit, at its request, certain special issues asking in effect (a) if Thalia, Tex., ceased to be the home of insured after he disposed of his property at that place in March, 1927; (b) if insured intended to remain away permanently when he left Thalia; (c) if he changed his place of residence when he left Thalia; (d) what place was the residence of insured when last heard from; (e) if insured is dead.

Article 5541, R. C. S., provides: "Any person absenting himself for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that time."

The appellee did not allege the place where the insured maintained his home, and no exception was urged to the pleading. The law is apparently settled that if a person, the presumption of whose death is sought to be established under the statute, has moved from where he maintained his home to a distant place and located there, the testimony to establish the presumption of death must show the required absence from such new location, and proof of such absence from the place of the original home will not suffice. American Nat. Ins. Co. v. Garcia (Tex. Civ. App.) 32 S.W.(2d) 880.

This rule, however, can have no application where, as in this case, the testimony shows that such absence had continued seven successive years from where he resided in Wyoming and all places where he had resided in Texas, and also from the new location, Denver, Colo., the place indicated as his last whereabouts. The statute fixes no place the absence from which, when proven, creates the presumption of death. We think this presumption arises when the testimony shows absence from all places where people reside with whom the absentee would most likely communicate, if living, and to whom tidings would most naturally come.

"To raise the presumption of a person's death from his absence it must appear that he has not been heard of by those persons who would naturally have received tidings from him if he had been alive, but the rule does not confine the tidings to his family or any particular class of persons; and a person may be absent and unheard of for seven years without any presumption of his death arising when he has no near or intimate friends with whom he has been accustomed to correspond, or where, although having a family and friends, his fixed residence is abroad." 17 C. J. p. 1172.

Certainly the Legislature did not intend to deprive one whose cause of action depends upon establishing such presumption from the benefit of the statute until proof be made that such absence had been from some place where a home or residence, as those terms are understood generally, had been maintained by the absentee.

■ The jury found that the insured is not living, and also found the existence of facts which, in law, create a presumption of death. It was therefore unnecessary for the court to submit appellant's requested issue asking if the insured was dead.

■ Appellant complains that the issue, "Do you find from the evidence that Henry. L. Fisher is now alive?" was erroneous as it placed an undue burden on it to show that insured was still alive.

"There was ample testimony to show that Edward B. Fern had absented himself from his home in Atascosa county for seven successive years, which met every requirement of article 5707 of the old statutes, and of article 5541 of the Statutes of 1925, and conclusively raised the presumption of his death. The statute cited placed the burden of destroying that presumption upon plaintiff in error when it was raised by the evidence. All that was required under the statute from defendant in error was proof that Edward B. Fern had absented himself for seven years successively. Mystic Circle v. Hoskins (Tex. Civ. App.) 171 S. W. 812; Woodmen of the World v. Robinson (Tex. Civ. App.) 187 S. W. 215; Woodmen of the World v. Piper (Tex. Civ. App.) 222 S. W. 649." Heralds of Liberty v. Fern (Tex. Civ. App.) 289 S. W. 87, 88. See also opinion of the Commission of Appeals in the same case, 296 S. W. 498.

The above assignments are overruled.

■ The issue, "Do you find by a preponderance of the evidence that Henry L. Fisher had been absent from his last known home and unheard of for seven successive years next succeeding March

29, 1927? Answer 'yes' or 'no,'" is assailed as erroneous because (a) it assumes that Fisher had a home; and (b) contains two issues in one question; an absence from home and unheard of. If we are correct in concluding that appellee was not required to show that the insured maintained a home or residence, as these terms are usually understood, this assumption did not constitute reversible error under the facts revealed by the evidence. The complaint that the question contained two issues would present error if, under the testimony, one of the issues might be answered in the negative and one in the affirmative, but inasmuch as the uncontradicted evidence required that each of the issues be answered in the affirmative, no error is shown.

■ The appellant says that inasmuch as the record shows that the demand for payment of the policy was made in writing, the court erred in admitting the parol testimony of appellee to the effect that such demand was made more than 30 days before the suit was filed, over the objection that the writing was the best evidence. The insured disappeared on March 29, 1927. Seven years elapsed March 29, 1934. On March 22, 1934, appellant wrote appellee:

"I am enclosing you regular proof of death blanks. I realize you can hardly be expected to answer all the questions asked thereon or get an undertaker's statement. However, you can enter in the claimant's affidavit all the facts and circumstances relative to the disappearance and you can have some friend who knows all the circumstances of the disappearance make a like affidavit under the friend's affidavit."

The appellee testified, without objection, that she received these blanks, filled them out, made an affidavit, secured the affidavits of others, all of which she placed in a letter, sealed, stamped, and addressed to appellant, and deposited it in the post office about May 2, 1934. It will be noted that the testimony of appellee that she made claim 30 days before filing of the suit does not purport to give any of the contents of the claim, and the written claim as indicated by the record was beyond the jurisdiction of the court.

"It may be shown by parol that a writing exists or has been transferred where the transfer is not required to be in writing, or that a letter 'was written and sent

without producing the writing or accounting for its nonproduction where the object is to prove these facts and not the contents of the writing. *. * *

"A witness may testify that .* * * he made a demand in writing upon the opposite party." 17 Tex. Jur. p. 479, §§ 184 and 185.

"Where an original writing is beyond the jurisdiction of the court, secondary evidence of its contents is admissible without notice or any evidence showing an effort to produce the original." 17 Tex. Jur. p. 492, § 192.

What has been said we think sufficient to dispose of all the errors assigned.

The judgment is affirmed.