## WOODMEN OF THE WORLD LIFE INS. SOC. v. COOPER.

### No. 11363.

Court of Civil Appeals of Texas. Galveston.
April 16, 1942.

Rehearing Denied April 30, 1942.

730

Arthur A. Seale and A. L. Lowery, both of Nacogdoches, for appellant.

M. M. Stripling and A. J. Thompson, both of Nacogdoches, for appellee.

CODY, Justice.

This is a suit on a life certificate issued by appellant on the life of G. F. Cooper in 1919 for the benefit of appellee, the insured's wife. To establish the insured's death appellee, plaintiff below, depended upon the presumption of death. The last known home of the insured was in Nacogdoches County where the insured disappeared on August 8, 1933, and he has been unheard of for seven successive years from the date of his disappearance. He was forty-nine years old at the time he disappeared, and there was some evidence that he was not in good health. He had a wife, and also a grown son who did not live at home, but did live in a town some distance away. There was no mystery, however, about the insured's disappearance. He became dissatisfied with the life with his wife, and enamored with a neighbor's wife. He and this woman eloped, but before the insured left he told his wife that he was going away with the woman, that he was through with his wife, and would never be back.

The foregoing facts are not disputed, and included in them are the facts found by the jury to the first three special issues which were submitted, though just why undisputed fact issues were submitted is not clear. The fourth special issue submitted to the jury is as follows:

"Do you find from a preponderance of the evidence that G. F. Cooper (i. e. the insured) was dead on August 8, 1940?

"Answer, 'Yes' or 'No'.

"In connection with the foregoing special issue No. 4, you are instructed that any person absenting himself for seven years successively shall be presumed to be dead, unless you find from a preponderance of the evidence that he was alive within that time."

To special issue No. 4 the jury answered "Yes", and from an adverse judgment rendered upon the jury's verdict, the defendant below appealed, and predicates its appeal upon six points.

■ Appellant's first point is that the undisputed evidence showed that its constitution and by-laws, to which the insured agree, provided against any lia-bility where the legal presumption of death arose from the absence or disappearance of the insured. It has been held by numerous decisions that such provision is void. Two such holdings are Sovereign Camp, W. O. W., v. Boden, 117 Tex. 229, 1 S. W.2d 256, 61 A.L.R. 682; Lile v. Sovereign Camp, W. O. W., Tex.Civ.App., 100 S.W. 2d 1033. Appellant's first point is overruled.

■ The remaining five points present in different forms the point that the proof that the insured left with the avowed purpose of never returning, not of disappearing, prevents his absence, pursuant to such avowed purpose, from ripening into the presumption of his death after seven years' fulfillment of such purpose. We take as typical of appellant's points 2 to 6 inclusive, its point 6, which complains of the court's refusal to submit defendant's specially requested instruction No. 3, which requested instruction reads as follows:

"Do you find from a preponderance of the evidence that G. F. (Frank) Cooper has been alive during any of the time from August 8, 1933 until the filing of this suit and in passing upon this issue you may take into consideration all of the circumstances and conditions connected with the disappearance of said G. F. Cooper the nature of his conduct and the circumstances under which he left, with whom he left and where he went and any other facts raised by the evidence in connection with his disappearance. Answer: Yes or No."

There was ample pleading to justify the submission of aforesaid special issue. And, as pointed out above, there was evidence which tended to sustain such pleading. It remains to be determined whether or not such pleading and proof would constitute a refutation of the presumption of death.

■ The material part of R.S.Article 5541 reads: "any person absenting himself for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that time; * * *" We take it that the word absent, when used as a verb, is always used reflexively, and is employed to indicate that one is away from a place to which he is expected, by reason of duty, custom or natural inclination, to return. If a man emigrates—that is, if he removes his domicile from one country to another,

the fact that he does not return to the place of his former domicile for more than seven years would not establish any presumption of death, and he would not be spoken of as absenting himself from the place of his former domicile. The case of American National Ins. Co. v. Garcia, Tex.Civ. App., 32 S.W.2d 880, presented such an instance; it was there held that the presumption of the continuation of life would destroy the legal presumption of death. In other words, if a person leaves the place which has been his home with the avowed intention to return to it no more and to break completely with his former life, the fulfillment of such design would certainly not raise the presumption of death at the end of seven years, but would prove that for such length of time he had continued firm in his expressed purpose. In Sovereign Camp, W. O. W., v. Patton, Tex.Civ.App., 290 S.W. 237, 238, it is stated: "The rule of law generally approved seems to be that evidence of any nature tending to show a motive for the disappearance is always admissible to rebut the presumption of death arising from absence, and, among other circumstances, it may be shown that the absent person was a fugitive from justice or that his domestic relations were unhappy." What has just been quoted is from the opinion of the Court of Civil Appeals; when the case reached the Supreme Court it was held by that Court: "The death of the insured might have been proved either by direct testimony, by circumstantial evidence without regard to the statutory presumption, or by proving the facts necessary to bring the case within the terms of the statute. * * * It is true that the record shows that the trial court, as well as counsel for defendants in error, was of the opinion that proof of the absence of the insured for a period of seven years without any tidings from him authorized the court to conclusively presume that he was dead. On no other grounds could the trial court have rendered judgment for defendants in error in the face of the finding of the jury that the insured was living at the time of the trial. * * * The trial court apparently did not reach the conclusion referred to until after the case had been submitted to the jury since otherwise he would have instructed a verdict instead of asking the jury to find whether Patton was living or dead." Id., 117 Tex. 1, 295 S.W. 913, 916.

It is clear from the record in this case that appellee did not attempt to prove by direct or circumstantial evidence that the insured was dead. That is, she did not attempt to prove that the insured died at any particular time during his seven years absence from home. She relied exclusively upon the legal presumption as establishing that he was dead. The finding of the jury in answer to special issue No. 4, that the insured was dead, was no more than a finding (under the accompanying instruction) that the insured was not proved by a preponderance of the evidence to have been alive during the seven years which elapsed after his disappearance. Had the court declined to permit appellant to plead in defense to appellee's action that the insured had expressed the intention when he left of never returning, of breaking with his old life—had the court declined to permit appellant to prove a motive not to return, his unhappy domestic relations, such refusal would have been clearly erroneous. Had the court declined to admit evidence of the insured's avowed intention when he left, never to return to his old home or his old life, such refusal would likewise have been clearly erroneous. But having permitted appellant's said defense to be pled, and having permitted as evidence in support of such pleading the circumstances under which the insured left together with his declaration that he would never return to be introduced, the court declined to permit a special issue embodying said defense to be submitted to the jury.

Appellee relies upon Heralds of Liberty v. Fern, Tex.Civ.App., 289 S.W. 87, 88; Id., Tex.Com.App., 296 S.W. 498. It was there held: "There was ample testimony to show that Edward B. Fern had absented himself from his home in Atascosa county for seven successive years, which met every requirement of Article * * * 5541 of the Statutes of 1925, and conclusively raised the presumption of his death. The statute cited placed the burden of destroying that presumption upon plaintiff in error when it was raised by the evidence. All that was required under the statute from defendant in error was proof that Edward B. Fern had absented himself for seven years successively" (from his home). (Authorities). There was no proof that when Fern left his home, it was with the purpose of abandoning it, or emigrating. The evidence was merely

that he absented himself from his home, where he lived with two brothers, one of them a paralytic. The natural presumption obtained that he would return to his home from which he was absenting himself. But had he abandoned his old home with the expressed intention of never returning, the case would have been ruled by National Ins. Co. v. Garcia, supra, and cases therein cited; and had he left as a fugitive from justice, or because of unhappy domestic relations, without the intention of returning, and this had been proved, the cause would have been ruled by Sovereign Camp, W. O. W., v. Patton, supra. (For history of presumption of death from absence, see Holdsworth, History of English Law, Vol. 9, pp. 141, 142.)

We have concluded that the court erred in refusing to permit appellant to submit an issue affirmatively presenting its pled defense to appellee's suit, for which error the judgment must be reversed, and the cause remanded for a new trial. It is accordingly so ordered.

Reversed and remanded.