## JOHN C. LEWIS ET AL. V. J. P. TERRELL.

### No. 1076.

1.  **Deed—Quitclaim—Limitations.**—A deed conveying "all the right, title, and interest" of the grantors in a specified survey of land, and binding them, their "heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto" the grantee against all adverse claims to the same or any part thereof, is not merely a quitclaim, but is an instrument sufficient to convey the land described; and ten years' exclusive and notorious possession under such deed, with payment of taxes, under a bona fide claim of exclusive ownership, is equivalent to an ouster of cotenants of the grantors, and vests the grantee with title.

2.  **Same—Admission—Fact Case.**—The taking of a subsequent deed from one of the tenants in common, who had not joined in the first deed, does not indicate that the grantee held in subordination to their rights, where such subsequent conveyance was executed at the instance of one of the grantors in the first deed, who claimed exclusive ownership of the land by virtue of an agreement between the cotenants.

3.  **Pleading—Coverture.**—Evidence of the disability of coverture or minority is not admissible to overcome the defense of the statute of limitations where such disability has not been pleaded.

4.  **Continuance—Diligence.**—Where the suit was filed October 22, 1891, and the trial was had September 9, 1892, it was not sufficient diligence for a continuance to have sent out interrogatories August 27, 1892, to be propounded to a witness.

APPEAL from Denton. Tried below before Hon. D. E. BARRETT.

*Armstrong & Flournoy*, for appellants.—Plaintiffs and defendant were tenants in common of said land, and the defendant had not repudiated plaintiffs' cotenancy in said premises, nor held adversely to them. Phillipson v. Flynn, 19 S. W. Rep., 136; Moody v. Butler, 63 Texas, 210; Flanagan v. Boggess, 46 Texas, 331; 22 Texas, 665; 19 Texas, 488.

*Smith & Bell*, for appellee.—1. The appellants' application for continuance fails to show that they had used due diligence to obtain the testimony of John C. Lewis, and it does not exclude the statutory diligence required to procure testimony. Railway v. Hardin, 62 Texas, 369; Osborne v. Scott, 13 Texas, 61; Baker v. Kellogg, 16 Texas, 118; Poole v. Jackson, 66 Texas, 380; Railway v. Shuford, 72 Texas, 168.

2. The defendant pleaded limitation, and the plaintiffs were not entitled to introduce evidence establishing the minority of plaintiff, because they failed to plead the same, and the court's conclusion of fact and law, that the defendant held exclusive possession of said premises for ten years before the institution of the suit, was not error. Childress v. Grim, 57 Texas, 56; Hughs v. Lane, 25 Texas, 356; Grounds v. Sloan, 73 Texas, 662.

TARLTON, CHIEF JUSTICE.—In this suit the appellants, John C. Lewis, F. J. Lewis, H. W. Hawkins and wife, V. A. Hawkins, W. R. Herndon and wife, Alice Herndon, and George W. Armstrong, seek to recover of the appellee, J. P. Terrell, an undivided fractional interest in the Jeremiah Ivy 320 acres survey, situated in Denton County.

The interests asserted are those of two out of eight of the heirs of Charles Lewis and Martha Lewis, husband and wife, who were the owners of the survey in question. The defendant is the admitted owner of the interests of the remaining heirs. He claims title, however, to the entire tract, and the trial court awarded him a recovery on his plea of the statute of ten years' limitation.

Charles Lewis died in 1868, and Martha about 1872.

On August 25, 1879, all of the heirs of Charles and Martha Lewis, except the two represented by the plaintiffs herein, executed to the defendant, J. P. Terrell, a deed, wherein, in consideration of $320, it is recited, that we (the grantors) "have granted, bargained, sold, conveyed, and released, and by these presents do grant, bargain, sell, convey, and release, unto the said J. P. Terrell, his heirs and assigns, the following described property, to wit: All our right, title, and interest in and to the Jeremiah Ivy 320 acres survey, situated in Denton County, Texas, two and one-half miles west from Elizabethtown, to have and to hold all and singular the said premises unto the said J. P. Terrell, his heirs and assigns, forever; and we do hereby bind our-

selves, our heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said J. P. Terrell, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof." This deed was recorded on September 30, 1879.

Afterwards John C. Lewis, an heir not represented in the foregoing conveyance, executed to the defendant Terrell a deed reciting a consideration of $52 cash, and conveying a one-sixth interest in the survey. This deed was dated August 15, 1881, and was recorded August 30, 1881. It was executed at the instance of T. C. Lewis, one of the grantors in the preceding conveyance, who claimed that the entire Ivy tract had been set apart to him by the other heirs of his father and mother, and that he thus caused John C. Lewis to convey his interest directly to the defendant.

As early as the year 1879 the defendant inclosed the entire tract, and he has been living upon it ever since, putting improvements upon it to the extent in value of $2000 or $3000. He has continuously for each successive year paid the taxes on it, having the exclusive possession of it, claiming it adversely to every one, thinking that he had a good title to the land, recognizing the claim of no one else to it, and in ignorance that any one was claiming it.

*Opinion.*—We decline to disturb the court's conclusion sustaining the defendant's plea of ten years' limitation. The deed above described under which he entered and held possession was more than a mere quitclaim. Under it, the defendant could and did claim to hold the entire premises. Such an instrument is sufficient to convey the land described, and not a mere chance of title or actual interest of the grantor. Garrett v. Christopher, 74 Texas, 453; Finch v. Trent, 3 Texas Civ. App., 568.

The taking by defendant of the subsequent conveyance from John C. Lewis should not, under the circumstances detailed, indicate a recognition by the defendant that he held in subordination to the rights of tenants in common, or in concurrence with them. This instrument was intended to perfect the transfer of a title already sold to the defendant by the grantor in the prior conveyance. The facts therefore show, that for more than ten years prior to the institution of this suit the defendant was in the undisturbed and quiet possession of the entire tract as a home, holding it under a recorded deed, paying taxes upon it as his own, and openly and notoriously claiming it. Such facts warrant the presumption of an actual ouster of other claimants. Alexander v. Kennedy, 19 Texas, 494.

The court correctly ignored the contention of appellants founded upon the disability of minority of the plaintiffs Alice Herndon and F. J. Lewis. The plaintiffs failed to plead such disability in reply to

the defense of limitation urged by the defendant; and on account of such failure, all evidence showing the minority referred to was excluded by the court. It is incumbent upon a party seeking to avoid the effect of the defense of limitation to plead the matter which constitutes a reply to such defense. Childress v. Grim, 57 Texas, 56; Ortiz v. Benavides, 61 Texas, 60.

The application for a continuance was properly overruled. The suit was instituted October 22, 1891. The trial was had September 9, 1892. The diligence used to obtain the testimony desired consisted in the sending of interrogatories, on August 27 or 28, 1892, to be propounded to the witness. Such diligence was certainly insufficient.

The further ground of surprise, urged on account of the filing of new pleading by the defendant, was wholly removed by the withdrawal of the plea on which the ground was predicated.

For these reasons, we order an affirmance of the judgment.

*Affirmed.*

Delivered May 9, 1894.