HARRIS et al. v. WAGNON et al.

(Court of Civil Appeals of Texas. Texarkana. Jan. 1, 1914. Rehearing Denied Jan. 8, 1914.)

1. APPEAL AND ERROR (§ 1059*)—HARMLESS ERROR — ERRONEOUS EXCLUSION OF EVIDENCE.

Where, in trespass to try title, defendant, relying on adverse possession after his return to the premises in 1884, admitted that he left the premises in 1883 and resided in Oklahoma, but returned some time in 1884, and the court charged that to find adverse possession the jury must find continuous adverse possession for as much as ten years after the return in 1884, exclusion of evidence, that in 1883 or 1884 a deputy sheriff with a warrant for the arrest of defendant searched for him, but could not find him in the county, was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4208; Dec. Dig. § 1059.*]

2. EVIDENCE (§ 273*)—DECLARATIONS OF TENANTS — ADMISSIBILITY AS AGAINST LANDLORD.

Declarations of tenants as to the character of title under which they held were not binding on one claiming title under adverse possession through the tenants, especially where the declarations were made after the expiration of the ten years from the commencement of adverse possession.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1108–1120; Dec. Dig. § 273.*]

3. APPEAL AND ERROR (§ 1097*) — LAW OF THE CASE.

Assignments of error determined on a former appeal of the case adversely to appellant taking a second appeal will not be considered in detail and will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368, 4427; Dec. Dig. § 1097.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by John W. Harris and another against C. J. Wagnon and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

See, also, 148 S. W. 606.

Lane & Lane, of Marshall, for appellant. Beard & Davidson, of Marshall, for appellee.

HODGES, J. The appellants instituted this suit in the form of an action of trespass to try title, and sought to recover from the appellees a tract of land consisting of 160 acres situated in the Morton headright, Harrison county, Tex. The land is specifically described in the petition by metes and bounds. The appellee Wagnon disclaimed any right in the premises except as a tenant of the appellees Sidney and E. H. Jones. Sidney and E. H. Jones answered by a plea of not guilty and the statute of limitation of ten years. It is conceded that the facts show that the appellants are entitled to recover, unless their claim is barred by the adverse possession of E. H. Jones prior to the institution of the suit. The facts show that E. H. Jones originally went into possession of the land about 1875. He subsequently left it, but returned in 1883. Some time during the latter year he left again, and returned in 1884. He claims that his possession was adverse and continuous from that time up until this suit was filed.

[1] The first assignment of error complains of the refusal of the court to permit the appellants to prove by a witness, A. S. Curtis, that in 1883 or 1884 witness was a deputy sheriff of Harrison county, and, as such, made search for E. H. Jones during that time, but that Jones could not be found; that some time during those years he went to the home of Jones, made search for him, but failed to find him; that he had at the time a warrant for the arrest of Jones charging him with murder or cattle theft. The only purpose for which this testimony could have been used was to negative the fact that Jones was in possession of the land at the time referred to. Whatever error there may have been in excluding this testimony was rendered harmless, because Jones admitted that he left the premises about that time, resided in Oklahoma, and returned some time in 1884. In his instructions to the jury, the court required them to find that Jones had been in continuous adverse possession for as much as ten years after his return to the premises in 1884.

[2] It is also complained that the court refused to give certain special charges with reference to the legal effect of statements made by tenants of Jones regarding their possession, and as to the nature of their tenure of the premises. There was no error in refusing these charges, for more than one reason. In the first place, the declarations of the tenants as to the character of title under which they held would not be binding upon Jones, the adverse claimant; and, in the next place, those declarations occurred after more than ten years had elapsed, dating from the time designated by the court in his instructions.

[3] Most of the remaining assignments of error refer to issues that were involved in the former appeal of this case, and were then determined adversely to the appellants. Harris v. Wagnon, 148 S. W. 606. It is unnecessary to now treat them in detail.

The judgment of the district court is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.