HOUSTON OIL CO. OF TEXAS v. DAVIS
et al. (No. 50.)

(Court of Civil Appeals of Texas. Beaumont.
Dec. 16, 1915. Rehearing Denied
Jan. 20, 1916.)

1. APPEAL AND ERROR ☞1097 — FORMER
APPEAL—QUESTIONS DECIDED—REVIEW.

Where, on a former appeal of an action to
try title, the court held that the judgment upon
which one of the parties based his title was void,
such decision was not res judicata, preventing
the review of the question of the validity of such
judgment on a subsequent appeal, since the sub-
sequent review of questions decided on a former
appeal is within the discretion of the court.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4358–4368, 4427; Dec. Dig.
☞1097.]

2. TRESPASS TO TRY TITLE ☞6 — RIGHT TO
RELY ON INCONSISTENT GROUNDS.

In an action to try title, a claimant may
rely both on title of record and title by adverse
possession.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. §§ 5–9, 15, 16; Dec. Dig.
☞6.]

3. ADVERSE POSSESSION ☞115 — EXCLUSIVE
POSSESSION—COTENANTS—NONASSERTION OF
TITLE—PRESUMPTION—QUESTION FOR JURY.

Where one claiming land under muniments
of title duly recorded pays taxes for more than
10 years, and uses the land as his own to the
exclusion of all others, and persons claiming to be
his cotenants exert no rights, nor meet any obli-
gations with respect to the land during such
time, a presumption of the ouster of such coten-
ants arises, and the issue as to whether claimant
has acquired title by adverse possession becomes
a question for the jury.

[Ed. Note.—For other cases, see Adverse Pos-
session, Cent. Dig. §§ 314, 691–701; Dec. Dig.
☞115.]

4. ADVERSE POSSESSION ☞115—BUYING OUT-
STANDING CLAIMS—ADVERSE RIGHTS—REC-
OGNITION.

Where defendant, occupying land under a
claim of title, derived from a tax deed, bought in
the claims of persons claiming to be cotenants
with him as heirs of the delinquent, he did not
thereby as a matter of law recognize the coten-
ancy of such heirs, since one claiming the fee
in land may properly buy in outstanding claims
to quiet his title.

[Ed. Note.—For other cases, see Adverse Pos-
session, Cent. Dig. §§ 314, 691–701; Dec. Dig.
☞115.]

Appeal from District Court, Newton Coun-
ty; A. E. Davis, Judge.

Trespass to try title by E. M. Davis and
others against the Houston Oil Company of
Texas and others. Judgment for plaintiffs,
and the named defendant appeals. Reversed
and remanded.

See, also, 162 S. W. 913.

Parker & Kennerly and J. J. Lee, all of
Houston, for appellant. Holland & Holland,
of Orange, for appellees.

MIDDLEBROOK, J. This is a suit in
trespass to try title by the appellees against
the appellant, Houston Oil Company of Tex-
as. Appellant answered by plea of not guil-
ty, and pleaded specially the three, five, and
ten year statutes of limitation, and in addi-

tion thereto pleaded over against its war-
rantors. The case was tried in the district
court of Newton county, Tex., before a jury,
on the 3d day of March, 1915; the trial
court peremptorily instructing a verdict for
plaintiffs against the defendant, Houston Oil
Company of Texas, and also against the
warrantors to the Houston Oil Company;
but the Houston Oil Company of Texas is
the only party appealing, the other defend-
ants having adopted the answer of the Hous-
ton Oil Company. So there is nothing pre-
sented for determination by this court as to
the warrantors.

Briefly stated, the facts pertinent to the
issues presented to us are substantially as
follows:

It is agreed that appellant has the title to
two-thirds of the 640-acre Nancy Cooper
survey of which the land sued for is a part.
It is also agreed that appellees are the only
heirs of Nancy Cooper, deceased, who have
not conveyed their interest to the appellant,
or to those under whom it claims, and that
Nancy Cooper is the common source.

Appellant introduced in evidence a judg-
ment in favor of H. C. Fuller against the
unknown heirs of Nancy Cooper, deceased,
decreeing the land to H. C. Fuller, rendered
in the district court of Newton county, Tex.,
April 5, 1899; also a deed by the sheriff of
Newton county, Tex., of date June 4, 1878,
executed by C. A. Hancock, tax collector of
Newton county, Tex., being a tax title, and
which deed was duly recorded July 8, 1878,
conveying the entire 640 acres of land to W.
R. Fuller, and a deed from Stephen Gilchriest
and wife to W. R. Fuller, conveying all their
right, title, and interest in the Nancy Cooper
survey of date June 19, 1878, which deed
was duly recorded in the real estate records
of Newton county, Tex., July 5, 1878 (and
the facts show Gilchriest and his wife to
be heirs of Nancy Cooper), and a deed from
J. W. Cloud and wife, dated January 25,
1882, and a deed from E. M. Lyons dated
September 12, 1883, and a deed from G. W.
Roberts, of date November 23, 1878, to W. R.
Fuller, each of which deeds were duly re-
corded, and conveyed their right, title, and
interest in the Nancy Cooper 640-acre survey
(these were also heirs of Nancy Cooper, de-
ceased); also a deed from W. R. Fuller to
H. C. Fuller, of date February 22, 1888, con-
veying 160 acres of the Nancy Cooper 640
acres, and a deed from W. R. Fuller to G.
W. Fuller, of date October 15, 1894, convey-
ing 160 acres of said land, both of the last-
mentioned deeds being full warranty deeds,
and duly recorded immediately after the ex-
ecution thereof. H. C. Fuller and G. W.
Fuller are sons of W. R. Fuller, deceased.
Then follows the introduction of full war-
ranty deeds from the heirs of W. R. Fuller
to John H. Kirby, ranging in date and record
from about the 1st of July, 1899, to the lat-

ter part of December, 1899, and from John H. Kirby on down to the appellant in direct chain. He also introduced in evidence the original petition in the suit of H. C. Fuller v. Unknown Heirs of Nancy Cooper.

H. C. Fuller testified: That he moved onto the 640-acre tract of land at the request of his father, W. R. Fuller, to perfect the tax title. That he began to build a log house on the land in the fall of 1880, and moved into the house and lived on the land from January, 1881, to October, 1889. That he had two fields on the land which he cultivated, one consisting of about 5 acres and the other 10 or 12 acres, and that later he built a good box house on the land, and lived in that, and also built a cotton shed on the land, and that after he moved off of the land, in 1889, he cultivated the land for two years following, and then his brother, Ab Fuller, lived on it, and cultivated it a year, and a man by the name of Dosier lived on and cultivated it a year, and then it was rented to a man named Mayes, who cultivated the land, but did not live on it. That he rented the land to these parties, and that he was looking after the land for his father, W. R. Fuller. That his father claimed the land as his own from the time he bought it at tax sale, and that his father, to his own knowledge, paid the taxes on the land from the time he bought it till his death in 1895, and that he had had all of the tax receipts in his possession for those dates, except one (the missing receipt was shown by another witness to be for the year 1891). That he heard that one Gilchriest was claiming an interest in the land as an heir of Nancy Cooper, and that he went to see Gilchriest, he thought in the year 1889, to buy his interest in the land for himself, but he did not buy it, and Gilchriest came to see his father, and his father bought him out, paying him $10 or $15. That just before they sold to Mr. Kirby he wrote Mr. Ed Davis. That he wrote him because he had been told that he was an heir of Nancy Cooper, and Homer Howard was wanting to buy the land for Kirby, and he said it would be best to get all the heirs in to avoid a lawsuit, and he wrote Mr. Davis, if he was an heir of Nancy Cooper, to come up and we could settle it up without a lawsuit, but Davis never answered his letter. That he filed a suit against the Unknown Heirs of Nancy Cooper, "to get the title perfected, get a good title to it, so we could sell the land, or keep it, just as we liked. We didn't think we could sell the land unless we had a regular chain of title to it, a perfect chain of title to it. At the time I wrote that letter, and at the time I brought the suit, I wasn't trying myself to sell the land. Some of the heirs wanted to sell it; they were trying to sell it to Mr. Homer Howard. I suppose he was buying it for Mr. Kirby." That the suit and his writing to heirs of Nancy Cooper all took place after the death of his father, W. R.

Fuller. That he found out from Mr. Lyons who the heirs of Nancy Cooper were, and where they were.

F. P. Fuller testified that, during the time H. C. Fuller lived on the Nancy Cooper 640 acres, his father, W. R. Fuller, claimed the land, and that he claimed it against everybody, the entire world.

G. W. Powell testified that no one claimed the land but Mr. Fuller; that he heard H. C. Fuller's father say he bought the land and gave Henry a place, and the place had been known as the Henry Fuller old place since 1880.

A certificate from the comptroller's office showed that the taxes on the 640 acres of land had been paid by the Fullers and those claiming under them from 1879 to and including 1914.

There is an array of testimony along the lines already indicated; but what we have set out is deemed sufficient for an intelligent view of the case.

Appellant's first assignment of error is very lengthy, and really presents two assignments in one, which should not be done; but no objection is urged to it, and we consider it as submitted. It is to the effect that the trial court erred, first, in instructing a verdict for appellees, because the judgment in favor of H. C. Fuller against the unknown heirs of Nancy Copper, deceased, precluded their recovery in this case; and, second, because the evidence showed that the defendant and those under whom it claimed had prefected title under the three, five and ten year statutes of limitation, as pleaded by it.

[1] This case has been twice before in the Courts of Civil Appeals, and is reported in 132 S. W. 808, and 162 S. W. 913; and the late Justice Reese of the First Court of Civil Appeals found under the facts that the judgment in favor of H. C. Fuller v. Unknown Heirs of Nancy Cooper was a void judgment. Appellees contend that such finding is res adjudicata of that matter, and it is not subject for review now, and cite Campbell v. Elliott, 151 S. W. 1180, Moore v. Chamberlain, 152 S. W. 195, Pease v. State, 155 S. W. 657, and Harris v. Wagnon, 162 S. W. 2; and the case of Moore v. Chamberlain seems to hold just what appellees' counsel contend. The other cases are more moderate in expression of this viewpoint. We do not believe such arbitrary rule can be sanctioned, but, on the contrary, that the proper rule is laid down in Kempner v. Huddleston, 90 Tex. 182, 37 S. W. 1066, and authorities therein cited.

However, upon investigation of the record, we find the same facts deduced on this issue upon the later trial, as is fully set out in Judge Reese's opinion in 132 S. W. 810; and we too find the judgment to be a nullity, and adopt the findings of Judge Reese upon this issue. Appellant's first assignment as to this issue is therefore overruled.

[2] This disposes of the case, except as to title by limitation. Appellees contend that we cannot consider the limitation title, because appellant relied upon his title as deraigned through the judgment in favor of H. C. Fuller against the unknown heirs of Nancy Cooper, deceased; and, this having failed, appellant is precluded from showing title through W. R. Fuller by limitation. We do not understand that appellant relied solely on such title, but, on the contrary, that it, as is usual in such cases, was relying on everything it could show favorable to itself, and everything it could show adverse to the appellees. Then the question is: Do the facts of this case present such probative force as to require a submission of them to the jury for its consideration and determination? We think they do. The trial court evidently adopted the theory of counsel for appellees quoted above, when he decided to peremptorily instruct a verdict for the plaintiffs.

[3] The evidence raises the issue that the appellant and those under whom it claimed had perfected its title under the statutes of limitations as pleaded by it. Such being true, it was for the jury to determine, and not the court. Vernon's Sayles' Statutes, tit. 87, c. 1; Bracken v. Jones, 63 Tex. 184; Converse v. Ringer, 6 Tex. Civ. App. 51, 24 S. W. 706; Church v. Waggoner, 78 Tex. 200, 14 S. W. 581. Again a tenant in common may, in addition to his possession, set up claim adverse to his cotenants for all or a part of the land occupied by him. Mayes v. Manning, 73 Tex. 44, 11 S. W. 136; Byers v. Carll, 7 Tex. Civ. App. 423, 27 S. W. 190; Lewis v. Terrell, 7 Tex. Civ. App. 314, 26 S. W. 754; Madison v. Matthews, 66 S. W. 803. If a tenant in common takes adverse possession of all the land and claims it as his own, it is for the jury to determine, under all of the facts as to whether he has matured his title under the statute of limitation. Portis v. Hill, 3 Tex. 279; De Leon v. McMurray, 5 Tex. Civ. App. 280, 23 S. W. 1039; Alexander v. Kennedy, 19 Tex. 496, 70 Am. Dec. 358; Humphreys v. Edwards, 89 Tex. 512, 36 S. W. 334; Stubblefield v. Hanson, 94 S. W. 408.

One who claims land under muniments of title duly recorded and pays taxes on it for many years, more than 10 years, and uses the land as his own, to the exclusion of all others, and those who claim to be cotenants during such time, has nothing to do with such land, such claim, possession, and payment of taxes raises the presumption of ouster of his cotenants, and the issue of fact as to whether or not he acquired title to all of the land under the statute of limitation, as against his cotenants, is subject-matter for determination by the jury. Mayes v. Manning, 73 Tex. 44, 11 S. W. 136; Carr v. Alexander, 149 S. W. 223; Stubblefield v. Hanson, 94 S. W. 408. See, also, the above-cited authorities as to acts of adverse claimants, such as building houses, clearing and cultivating land, etc., as acts signifying adverse claims. The tax deed to W. R. Fuller, and the deed from the heirs of Nancy Cooper to W. R. Fuller conveying entire interest in the land, and not an undivided interest, and these deeds being duly and properly recorded, was sufficient to raise the issue of title by limitation to all of the land in controversy, and the issue should have been submitted to the jury. Lewis v. Terrell, 7 Tex. Civ. App. 314, 26 S. W. 754; Alexander v. Kennedy, 19 Tex. 496, 70 Am. Dec. 358.

[4] Appellant's second assignment of error is to the effect that the court erred in holding as a matter of law that the evidence showed that the act of W. R. Fuller in purchasing the interest of the heirs of Nancy Cooper was a recognition of the title of the heirs of Nancy Cooper and of the plaintiffs, and of the cotenancy of plaintiffs. As we understand the law, there is no vice in a man's going out and purchasing his fee, and thereby quieting title to land he claimed as his own; and whether or not W. R. Fuller was doing this in buying out Gilchriest and other heirs of Nancy Cooper, or whether he was recognizing them as cotenants, was matter for the jury to determine. Converse v. Ringer, 6 Tex. Civ. App. 51, 24 S. W. 705; Gordon v. Hall, 29 Tex. Civ. App. 230, 69 S. W. 220; Word v. Oil Co., 144 S. W. 334.

The third, fourth, fifth, and sixth assignments of error are as to improper testimony, admitted by the court during the trial, as to statements and transactions after the death of W. R. Fuller. Appellant having introduced in evidence the judgment in favor of H. C. Fuller against the unknown heirs of Nancy Cooper, we are not prepared to say that the court committed error in admitting such evidence.

Under our view of this case, the honorable trial court should have submitted the issues to the jury under proper instructions, and his failure to do so requires a reversal of the case.

Reversed and remanded.