## POLLOCK et al. v. WUNTCH et al.

### No. 5186.

Court of Civil Appeals of Texas. Texarkana.

April 21, 1938.

Baskett & Parks, of Dallas, for appellants.

Burgess, Chrestman & Brundidge, of Dallas, for appellees.

JOHNSON, Chief Justice.

This suit was filed October 3, 1935, by appellants George D. Pollock, E. M. Turner, and Gabe McElroy, in trespass to try title to a certain tract of land, a part of the F. Cardova survey in Rusk county, against appellees, forty-one in number. Nineteen of the defendants answered. Defendants Clyde Alexander, C. P. Quilan, Herbert W. Wisenant, receiver, and the Elm Oil Company filed a plea in abatement. The plea in abatement is based upon a judgment rendered June 22, 1933, in the county court of Rusk county. Said judgment declares that Gabe McElroy (one of the plaintiffs in the present suit) is dead. It further decrees that Ambus McElroy and Delia McElroy Sellers are the heirs and only heirs of said Gabe McElroy, and as such heirs had inherited, in shares of one-half interest each, the estate of said Gabe McElroy; that said estate consisted of certain land described in said judgment, being the same land described in plaintiffs' petition in the present suit. Plaintiffs answered the plea in abatement by general demurrer and by special exceptions, contending that said judgment of the county court was void, and, if valid for any purpose, same was not binding on plaintiffs, neither of whom were parties thereto; and that said judgment constituted no grounds for abating plaintiffs' suit in the present case. Plaintiffs' demurrer and exceptions were overruled. The plea in abatement was sustained and plaintiffs' suit dismissed. Plaintiffs have appealed.

The judgment of the district court sustaining the plea in abatement and dismissing plaintiffs' suit is based upon the theory that before plaintiff Gabe McElroy can prosecute the present suit to recover his property he must first go into the county court and there have vacated and set aside the judgment of that court wherein he was declared dead.

Said judgment of the county court declaring Gabe McElroy dead was rendered in "an action to declare heirship" wherein that court was attempting to exercise jurisdiction under and by virtue of R.S.1925, chapter 23, title 54, Estates of Decedents, articles 3590–3597, inclusive. Article 3590 defines the action and prescribes when and

under what circumstances it may be maintained. The article reads as follows:

"Article 3590. *Actions to declare heirship.*

"When a person dies, intestate, owning or entitled to real or personal property in Texas, and there shall have been no administration in this State upon his estate, and when there has been a will probated in this State or elsewhere, or an administration in this State upon the estate of such decedent, and any real or personal property in this State has been omitted from such will or from such administration, or no final disposition thereof has been made in such administration, the county court of the county in which such proceedings were last pending, or in the event, no will of such decedent has been admitted to probate in this State, and no administration has been granted in this State upon the estate of such decedent, then the county court of the county in which any of the real property belonging to such estate is situated, or, if there be no such real property, then of the county in which any personal property belonging to such estate may be found, may determine and declare in the manner hereinafter provided in this chapter, who are the heirs and only heirs of such decedent, and their respective shares and interests, under the laws of this State, in the estate of such decedent, and actions therefor shall be known as actions to declare heirship."

 It appears from the record of the proceedings had in the county court that Gabe McElroy was not in fact shown to be dead, but that the judgment of that court declaring him dead was rendered upon testimony to the effect that he had absented himself from Rusk county, his usual place of residence, for a period of more than seven years. An examination of the article of the statute above quoted declares that it may be proceeded under "when a person dies." Death of the person whose estate is so sought to be administered is necessarily a jurisdictional requirement. A judgment attempting to declare certain persons heirs and decreeing to them interest in the property of one who is in fact alive is void, and such judgment is subject to collateral attack. In Martin v. Robinson, 67 Tex. 368, 3 S.W. 550, Judge Stayton said (page 553): "The decease of the person on whose estate administration is

sought is a fact essential to the jurisdiction of a probate court to grant letters testamentary or of administration; for it is only over the estates of deceased persons that to such court jurisdiction is given by law. If the person on whose estate administration is sought be alive, power to inquire whether this be so or not does not exist; hence no declaration of the court to the contrary can be given any effect."

The express provisions of our statutes leave no reason for doubt as to the effect of a judgment declaring the decease of a person who is in fact alive. R.S.1925, art. 3292, reads: "Proceedings before death.— The probate of a will, or administration of an estate of a living person shall be void; but the bonds of the executor or administrator shall not be void but may be recovered upon."

R.S.1925, art. 5541, provides: "Presumption of death. Any person absenting himself for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that time; but an estate recovered on such presumption, if in a subsequent action or suit the person presumed to be dead shall be proved to be living, shall be restored to him with the rents and profits of the estate with legal interest ·during such time as he shall be deprived thereof."

The contention is further made by appellants that chapter 23 of title 54, R.S. 1925, articles 3590–3597, inclusive, are unconstitutional and void, as in contravention of section 16, article 5, of our State Constitution. In this connection it is contended that the section of the Constitution named defines and limits the jurisdiction of the probate court and that the language thereof by necessary implication withholds ·from the jurisdiction of the probate court any action or proceeding with reference to adjudicating heirs, which is not in aid of or ancillary to either the actual or potential administration of an estate. We do not determine this question for the reason that we have held that the judgment rendered under the act in question in this case was void upon other grounds, hence any views we might express as to the constitutionality or unconstitutionality of the act would be dicta.

The judgment of the trial court will be reversed, and the cause remanded.