## CHRISTIANSEN v. CHRISTIANSEN et al.

### Civ. No. 1527.

District Court, N. D. Texas, Dallas Division.

Oct. 3, 1945.

Randall & Gray, of Dallas, Tex., for plaintiff.

W. H. Reid, of Dallas, Tex., for defendants.

ATWELL, District Judge.

Alette Sullivan, a resident of Dallas County, Texas, the wife of J. A. Sullivan, died intestate, on June 26, 1933, leaving real estate which was her separate property. Under the statute of descent and distribution, one-half went to her surviving husband, and the other one-half vested in her brothers and sisters and the decedents of any such who were deceased. The survivor, Sullivan, was entitled to one-half; Chris Christiansen, a brother, one-sixth; Johanna, a sister, one-sixth; Alfred Christiansen, surviving son of Gilbert Christiansen, deceased, brother of Alette Sullivan, one-sixth.

Gilbert Christiansen had married Carrie Christiansen, and they had two girls and one boy. They lived in Astoria, Oregon. Gilbert was a blacksmith. During that time, Chris Christiansen also lived in Astoria, and was intimately acquainted with his brother and family. Chris moved to Dallas, Texas, leaving Gilbert and his family in Astoria.

In 1900 Gilbert came to Dallas, leaving his wife and two children in Astoria. One of his daughters, Annie, had previously left Astoria and came to Dallas where she died. Carrie Christiansen and her two children, after being abandoned by the husband and father, Gilbert, moved from Astoria to Portland, Oregon, where they lived until their death.

Alfred died in 1940, leaving a widow, Margaret. Alfred lived in Metzger, Oregon, a numer of years preceding his death. Metzger was and is a suburb of Portland.

When Alette Sullivan died in 1933, one-half of her property was divided between Chris Christiansen and Johanna Carter, an uncle and aunt of Alfred. They obtained a judgment in Dallas County, declaring that Alfred was dead, because he had been absent over seven years without having been heard from. They, thereupon, divided Alfred's property among themselves and said nothing about it.

The judgment declaring Alfred dead was obtained upon the sole testimony of Chris. Neither Chris nor his sister, Johanna, nor any person for them, ever went to Astoria or made any inquiry of any person living in Astoria for the purpose of obtaining information as to the whereabouts of Alfred. They did make inquiry in South Dakota, where Johanna lived, and where some of the kin of Carrie Christiansen, Alfred's mother, lived.

Gilbert and Carrie had married in South Dakota in 1870 but neither Gilbert nor his wife, nor any of the children had lived in South Dakota since that time.

Alfred Christiansen, during the entire time he lived in Astoria, occupied a home where he and his wife and sister lived, and thereafter, his wife lived with him, and he was never absent from his home.

Revised Statutes of Texas, 1925, Art. 5541, provides that, "Any person absenting himself for seven years, successively, shall be presumed to be dead, unless proof be made that he was alive within that time; but an estate recovered on such presumption, if in a subsequent action or suit the person presumed to be dead shall be proved to be living, shall be restored to him with the rents and profits of the estate with legal interest during such time as he shall be deprived thereof."

Margaret Christiansen brings this suit under that statute. The defendants are the surviving members of her husband's family and their grantees.

The defense urged is the ten, five, four, three and two years' statutes of limitation. In support of this defense, they show that the judgment which declared the Oregon legatee dead because of an alleged absence from Texas for more than seven years, was rendered more than ten years before this suit was brought.

The issue is the effect of the Texas statute, and the applicability of the Texas statutes of limitation.

Let us look at the authorities.

■ Beginning with the case of Pollock v. Wuntch, Tex.Civ.App., 116 S.W.2d 796, and the case of Scott v. McNeal, 154 U.S. 34, 14 S.Ct. 1108, 38 L.Ed. 896, and threading our way through Fisk v. Norvell, 9 Tex. 13, 58 Am.Dec. 128, Withers v. Patterson, 27 Tex. 491, 86 Am.Dec. 643, Steele's Unknown Heirs v. Belding, Tex.Civ.App., 148 S.W. 592, we find that the Texas statute is valid.

■ Tenants in common are entitled to possession. The possession of one or more of the tenants is not notice to those out of possession. It is presumed that those in possession are holding for those out of possession. Those who testified in the Dallas County Court proceedings with reference to the absence of the other heir are charged with a legal fraud in their representations with reference to his absence. It is charged that they knew that he lived in Oregon; that they knew that he did not and had not lived in Dallas County; that they knew that he had not and did not live in South Dakota; that they made no search for him nor for any of his legatees in Oregon.

As to cotenants' possession, see Wiggins v. Holmes, Tex.Civ.App., 39 S.W.2d 162; Viduarri v. Bruni, Tex.Civ.App., 154 S.W.2d 498; Terry v. Prairie Oil & Gas Co., 5 Cir., 83 F.2d 843.

■ Fraud is established as a matter of law where it appears that the next of kin of the absentee obtained the judgment pronouncing him dead when the undisputed fact shows that such next of kin knew that the absentee last lived in a particular place but made no search or inquiry there. Buenrostro v. American National Ins. Co., Tex. Civ.App., 105 S.W.2d 393; Woodmen of the World Life Ins. Co. v. Cooper, Tex. Civ.App., 164 S.W.2d 729.

■ The Texas rule as exhibited by applicable decisions of the appellate courts, seems at present, to be that neither fraud alone, nor ignorance of its existence, will prevent the statute of limitations from running. The ignorance which effects such a result must be attended with such concealment of the fraud as will prevent its discovery by the exercise of reasonable diligence. Cowden v. Limpia Royalties, Tex.Civ.App., 109 S.W.2d 992.

■■ The evidence presented does not show any affirmative act upon the part of

the defendants which prevented the plaintiffs from discovering the alleged acts of fraud during the running of the period of limitation. Mere silence and inaction by the defendants is insufficient to entitle the plaintiffs to recover. See also Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263. In that case the Supreme Court stated the rule to be that fraud will prevent the running of the statute only until such time as the fraud is discovered, or, by the exercise of reasonable diligence, might have been discovered.

Records of title are open to the party and he must exercise reasonable diligence to discover. If by such diligence he could have discovered, he is held to have known it.

Interesting, also, are Houston Oil Co. v. Davis, Tex.Civ.App., 181 S.W. 851; Brown v. Phillips Petroleum Co., Tex.Civ. App., 144 S.W.2d 358; Mauritz v. Thatcher, Tex.Civ.App., 140 S.W.2d 303; Vaughan v. Kiesling, Tex.Civ.App., 150 S.W.2d 435, 436; Kouri v. Kelton, Tex.Civ.App., 178 S.W.2d 712.

With this line of reasoning before us, it would seem that even though one did not know of one's inheritance, there must be an active and continuing fraud practiced by the party claiming the property, which prevented the heir from discovering the true facts and thus concealed them from the heir's ability to discover the same by the exercise of reasonable diligence.

The conflict that appears upon casual examination of such Texas appellate cases under the dead man's statute, and such cases as appear under that statute where there is no probate proceeding and where the defense is limitation, disappears when one considers the difference between the probating of the affairs of one's estate who is presumed to be dead but is subsequently ascertained to be alive.

The limitation rule in Texas is founded upon the necessity of repose and settlement of titles. Those statutes are general and apply alike to heirs and all others, even though heirs may not, in reality, have actual notice of the ripening of their rights by the death of the one from whom they inherit.

This court, being bounden by the decisions of the state court with reference to these state statutes, must, and does, enter judgment for the defendant.