## S|QUYRES v. CHRISTIAN et al.
### No. 15386.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 21, 1952.

Rehearing Denied Dec. 26, 1952.

Gordon R. Wellborn, of Henderson, Lawrence & Lawrence, and Pollard, Reeves & Boulter, of Tyler, for appellant.

Dean W. Turner and T. A. Bath, both of Henderson, for appellees.

EARL P. HALL, Chief Justice.

Appellees, Mrs. Alice Christian, widow of C. O. Christian, individually and as guardian for Patsy Ann Christian and C. O. Christian, Jr., minors, and Doris Christian. Rea, joined pro forma by her husband, instituted this suit on March 27, 1950, in the district court of Rusk County against appel-

lant, Arthur Squyres. Appellees' cause of action is based on a new promise in writing on or about the month of April, 1944, to pay an old debt evidenced by a note executed by appellant Squyres to C. O. Christian in 1936, for the principal sum of $7,000, due one year thereafter. In their second count, appellees plead an action of fraud. Appellant plead the four-year statute of limitation upon said note and the two-year statute of limitation to the action of fraud. The case was tried to a jury and judgment entered for appellees in the sum of $18,900, with interest at the rate of ten per cent from date of judgment.

Appellee Mrs. Christian testified that she first discovered the note among the papers of her late husband in March, 1944; she asked appellant about it and was told he had borrowed some money from her husband.

Appellees plead, and introduced testimony, establishing the following defenses to the statute of limitation plead by appellant: (1) Appellant had told Mrs. Christian's husband that the statute of limitation would not run against the note; (2) he told Mrs. Christian after her husband's death that limitation would not run against the note; (3) that appellant having been employed by both Mrs. Christian and her husband from 1932 through 1948 to attend to their accounting and tax work, same placed them in a confidential relationship which would toll the statute; (4) that Mrs. Christian accepted appellant's statements as being true but did not discover their falsity until about June 8, 1948, when she received notice that an insurance policy, which had been taken out in her behalf as collateral for this note, had expired because of non-payment of premium.

Issues submitted to the jury and its answers, upon which judgment was based, are substantially as follows: (1) At the time appellant secured the sum of $7,000 from C. O. Christian he represented to Christian that limitation would not run against the note. (2) That C. O. Christian believed said representation. (3) That appellant represented to Christian he would repay said loan. (4) That appellant did not intend to repay said money at the time he secured

same from Christian. (5) That C. O. Christian would not have advanced the money to appellant except for his belief in such representations made by appellant. (6) After appellant had borrowed said sum, he again represented to Christian that such note would never be barred by the statute of limitation. (7) That Christian believed such representation. (8) That Christian failed to bring action on said note because of his belief in such representation. (9) Shortly after the death of C. O. Christian, appellant represented to appellee Mrs. Alice Christian that limitation would not run against the note. (10) Mrs. Christian believed such representation. (11) That appellee Mrs. Christian discovered for the first time on June 8, 1948, that such representations made by appellant to her were false. (12) The reason why she had not brought suit before was because she believed such representations to be true.

Appellant objected to the submission of said issues on the ground that same were not supported by the evidence. Appellant timely moved for an instructed verdict and for judgment non obstante veredicto. Both motions were overruled by the trial court.

It is undisputed that appellant did accounting work as a public accountant for both Mr. and Mrs. Christian from 1932 until 1948; that appellant took out a policy of insurance naming Christian as beneficiary therein, and its having lapsed he took out another insurance policy, after Christian's death, naming Mrs. Christian as beneficiary on or about April 26, 1944, assigning the same to her on May 1, 1944.

Appellees have cited no case, and we have found none, to the effect that, first, the mere handling of a general accounting business establishes such a fiduciary relationship between an accountant and one of his clients as would toll the statute of limitation; and, second, that representations made by payor to payee of a note to the effect that limitation will not run on same does not establish fraud which would toll the statute of limitation.

■■■■ We find there is no fiduciary relationship between the parties, even though appellee Mrs. Christian may have had con-

fidence in appellant by reason of her business relationship with him. 28 Tex.Jur., p. 162, § 73, Confidential Relationship; 34 Am.Jur., p. 135, § 168. Confidential relationship does not excuse appellees of negligence or laches in the enforcement of their rights. 20 Tex.Jur., p. 112, § 75. Appellant did not conceal any fact from either appellee Mrs. Christian or her late husband which would avoid bar of the statute of limitation. Christiansen v. Christiansen, D.C., 62 F.Supp. 341, reversed 159 F.2d 366, certiorari denied, 331 U.S. 849, 67 S.Ct. 1737, 91 L.Ed. 1858; Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908, Id., 141 Tex. 565, 61 S.W.2d 810.

■ Under our holding, the note was barred by the statute of limitation in 1944, the year in which appellee Mrs. Christian's husband died and the date when she first discovered the note. This being true, in order to revive the note, appellant, under Article 5539, Vernon's Tex.Civ.St., must acknowledge in writing the debt clearly, definitely and unequivocally. See cases cited in Martindale Mortgage Co. v. Crow, Tex.Civ.App., 161 S.W.2d 866, ref., w. m.; Cotulla v. Urbahn, 104 Tex. 208, 135 S.W. 1159, 34 L.R.A.,N.S., 345; 28 Tex.Jur., pp. 249–266, §§ 151–169, Limitation of Actions.

■ Appellees rely upon the insurance policy in which appellant made Mrs. Christian beneficiary to secure this note, dated during the month of April, 1944, together with appellant's testimony to the effect that he evidently stated in a letter to the Company writing the insurance policy that he was indebted to her (which letter was naturally dated prior to date of the policy), as written instruments sufficient to renew the loan. Appellant assigned this policy to appellee Mrs. Christian on May 1, 1944.

Granting for the purpose of meeting this contention that such evidence is sufficient to renew the loan under said statute (which we do not pass upon here), yet appellees did not file suit on said proposed renewal until March 27, 1950, which was some six years after the proposed new promise was made.

■ The facts are that statements made by appellant to appellee Mrs. Christian and her late husband to the effect that "limitation will not run against this note" were made simultaneously with execution of the note and/or with the date said new cause of action arose, supra. Under the law, any agreement in advance to waive the statute of limitation on a note is void as against public policy. Simpson v. McDonald, 142 Tex. 444, 179 S.W.2d 239; 28 Tex.Jur., p. 246, § 148, Limitation of Actions. Any other waiver of the statute of limitation before the bar has fallen must be specific and for a reasonable time. It has been held that the "statutes may not be thwarted by general agreements to waive the benefit of the statute permanently". Titus v. Wells Fargo Bank & Union Trust Co., 5 Cir., 134 F.2d 223, 224. In the case at bar there was no time limit set by appellant as to when waiver of the statute of limitation would end.

■ As stated in 53 C.J.S., Limitations of Actions, § 25, p. 966, "* * * in order to estop defendant, he must have done something that amounted to an affirmative inducement to plaintiff to delay bringing the action. Statements calculated to dissuade a litigant from beginning action and not designed merely to induce its postponement will not, in the absence of fraud, estop the party making them from availing himself of the plea of the statute of limitations in the event of subsequent prosecution of such action, * * *. Mere reliance by the creditor on the debtor's promise to pay, if not sued on, does not estop defendant."

■ We cannot here find that the mere statement made by a creditor to a debtor, either at the time the debt was made or at a subsequent date before limitation has run, to the effect that the statute of limitation would not run on the debt, constitutes legal fraud. Neither is such a statement sufficient to delay suit upon the debt beyond the statutory period of limitation.

We find the cause of action sued upon was barred by the statute of limitation.

Due to our disposition of the case, we will not discuss other points of error assigned by appellant.

The case is reversed and rendered that appellees take nothing by their suit.