Shooshtari v. Sweeten



 







NUMBER 13-01-00850-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JEFF SHOOSHTARI AND

THE WIRELESS INTER-NET, INC., Appellants,


v.



RANCE G. SWEETEN, INDIVIDUALLY AND

D/B/A RANCE G. SWEETEN, P.C., AND

LONG, CHILTON, PAYTE & HARDIN, L.L.P., Appellees.

 


On appeal from the 92nd District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Castillo, and Chavez (1)


Opinion by Justice Hinojosa



 Appellants, Jeff Shooshtari and The Wireless Inter-Net, Inc. ("TWIN"), former clients
of appellees, Rance G. Sweeten, individually and d/b/a Rance G. Sweeten, P.C., and
Long, Chilton, Payte & Hardin, L.L.P. ("LCPH"), appeal from the trial court's order granting
appellees' motion for summary judgment. In a single issue, appellants contend the trial
court erred in granting appellees' traditional and "no evidence" motion for summary
judgment. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here. See Tex. R. App. P. 47.4.

A. Standard of Review


 We review the granting of a traditional motion for summary judgment de novo. 
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Branton v. Wood, 100 S.W.3d
645, 646 (Tex. App.-Corpus Christi 2003, no pet.). In a traditional motion for summary
judgment, the movant has the burden of showing that there is no genuine issue of material
fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). In deciding whether there is a
genuine issue of material fact, evidence favorable to the nonmovant will be taken as true,
and all reasonable inferences made and all doubts resolved in the nonmovant's favor. Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). Summary judgment is proper
if the movant disproves at least one element of each of the plaintiff's claims or affirmatively
establishes each element of an affirmative defense to each claim. Id.

 By contrast, a no-evidence motion for summary judgment presented under Texas
Rule of Civil Procedure 166a(i) is equivalent to a pretrial directed verdict, and we apply the
same legal sufficiency standard on review. Zapata v. The Children's Clinic, 997 S.W.2d
745, 747 (Tex. App.-Corpus Christi 1999, pet. denied). We review the evidence in the light
most favorable to the nonmovant, disregarding all contrary evidence and inferences. 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999); Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).

 When a motion for summary judgment is presented asserting there is no evidence
of one or more essential elements of a claim or defense on which the nonmovant would
have the burden of proof at trial, the movant does not bear the burden of establishing each
element of its own claim or defense. Branton, 100 S.W.3d at 647; Gen. Mills Rests., Inc.
v. Tex. Wings, Inc., 12 S.W.3d 827, 832 (Tex. App.-Dallas 2000, no pet.); see also Tex.
R. Civ. P. 166a(i). Instead, the burden shifts entirely to the nonmovant to present enough
evidence to be entitled to a trial: evidence that raises a genuine fact issue on the
challenged elements. See Tex. R. Civ. P. 166a cmt.

 When, as here, a trial court's order granting a motion for summary judgment does
not specify the ground or grounds relied on for its ruling, the appellate court will affirm the
summary judgment if any of the theories advanced in the motion are meritorious. Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); Boren v. Bullen, 972 S.W.2d 863,
865 (Tex. App.-Corpus Christi 1998, no pet.).

B. Analysis


 In their first amended petition, appellants alleged causes of action for breach of
fiduciary duty, negligence, and violations of the Deceptive Trade Practices-Consumer
Protection Act ("DTPA"), stemming from appellees' actions in competing in the wireless
communications business after rendering business start-up advice to appellants. In their
motion for summary judgment, appellees asserted that: (1) all causes of action alleged by
appellant were barred by the applicable statutes of limitations; (2) there was no evidence
of duty or breach of any duty; (3) the professional services rendered by appellees were
exempted from liability by the DTPA; and (4) there was no evidence of unconscionable
conduct.

1. Breach of Fiduciary Duty


 We first examine whether there exists a fiduciary relationship between the parties
and whether there was a breach of any fiduciary duty.

 Whether a confidential or fiduciary relationship exists is normally a question of fact
to be decided by a jury. Procom Energy, L.L.A. v. Roach, 16 S.W.3d 377, 382 (Tex.
App.-Tyler 2000, pet. denied); Hoggett v. Brown, 971 S.W.2d 472, 488 (Tex.
App.-Houston [14th Dist.] 1997, pet. denied); Farah v. Mafrige & Kormanik, P.C., 927
S.W.2d 663, 675 (Tex. App.-Houston [1st Dist.] 1996, no writ). When the issue is one of
no evidence or conclusive evidence, the issue is a question of law. Farah, 927 S.W.2d at
675.

 Fiduciary duties arise as a matter of law in certain formal relationships, including
attorney-client, partnership, and trustee relationships. Ins. Co. of N. Am. v. Morris, 981
S.W.2d 667, 674 (Tex. 1998); see also Consol. Gas & Equip. Co. v. Thompson, 405
S.W.2d 333, 336-37 (Tex. 1966); Blue Bell, Inc. v. Peat, Marwick, Mitchell & Co., 715
S.W.2d 408, 416 (Tex. App.-Dallas 1986, writ ref'd n.r.e.). The accountant-client
relationship, however, does not always involve a fiduciary duty. Squyres v. Christian, 253
S.W.2d 470, 471 (Tex. Civ. App.-Fort Worth 1952, writ ref'd n.r.e.).

 If not a recognized formal fiduciary relationship, then the question of whether an
informal fiduciary relationship exists is to be determined from the actualities of the
relationship between the persons involved. See Thigpen v. Locke, 363 S.W.2d 247, 253
(Tex. 1962); Dominguez v. Brackey Enters., Inc., 756 S.W.2d 788, 791 (Tex. App.-El Paso
1988, writ denied); see also Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp., 823
S.W.2d 591, 594 (Tex. 1992) (fiduciary duty may arise from close and confidential
relationship when one person trusts and relies on another, whether relationship is moral,
social, domestic, or personal). A fiduciary relationship is an extraordinary one and will not
be lightly created; the mere fact that one subjectively trusts another does not alone indicate
that confidence is placed in another in the sense demanded by fiduciary relationships
because something apart from the transaction between the parties is required. Hoggett,
971 S.W.2d at 488; Kline v. O'Quinn, 874 S.W.2d 776, 786 (Tex. App.-Houston [14th Dist.]
1994, writ denied); see also Morris, 981 S.W.2d at 674; Thigpen, 363 S.W.2d at 253;
Farah, 927 S.W.2d at 676. A fiduciary relationship may arise outside the usual situations
where the dealings between the parties have continued for such a period of time that a
party is justified in relying on another to act in his best interest. Morris, 981 S.W.2d at 674;
Blue Bell, Inc., 715 S.W.2d at 416. A person is justified in placing confidence in the belief
that another party will act in his or her best interest only where he or she is accustomed to
being guided by the judgment or advice of the other party, and there exists a long
association in a business relationship as well as personal friendship. Hoggett, 971 S.W.2d
at 488; Dominguez, 756 S.W.2d at 791-92. However, the fact that the relationship has
been a cordial one and of long duration does not necessarily constitute a confidential
relationship. Hoggett, 971 S.W.2d at 488; Farah, 927 S.W.2d at 675.

 In the instant case, the record reflects that Sweeten is a certified public accountant
with the LCPH accounting firm and that he prepared personal income tax returns for
Shooshtari from 1994 to 1997. It is undisputed that Shooshtari is not complaining of any
service related to the preparation of these tax returns.

 The record also reflects that Sweeten rendered approximately seven hours of
business set-up consulting services for TWIN during 1997-1998. This was the only service
that appellees performed for TWIN. Shooshtari testified that appellees did not prepare any
tax returns or financial statements for TWIN.

 The only other relationship asserted is that appellees were customers of TWIN's
internet services for a brief time. Although the record shows several years of business
association between appellants and appellees, the relationship does not necessarily
constitute a confidential one. See Hoggett, 971 S.W.2d at 488; Farah, 927 S.W.2d at 675. 
Appellants offered no evidence that they were accustomed to being guided by the
judgment or advice of appellees or that the parties were longtime friends, so as to justify
a belief that appellees would act in their best interest. See Hoggett, 971 S.W.2d at 488;
Dominguez, 756 S.W.2d at 791-92.

 Shooshtari testifed that he trusted appellees. However, this alone does not show
the confidence demanded by fiduciary relationships. See Morris, 981 S.W.2d at 674;
Hoggett, 971 S.W.2d at 488. Thus, we conclude that no fiduciary relationship existed
between appellants and appellees. Because appellants have failed to present more than
a scintilla of probative evidence to raise a genuine issue of material fact, we hold that the
trial court did not err in granting appellees' motion for summary judgment on appellants'
breach of fiduciary duty claim.

2. Negligence


 We next examine whether the trial court erred in granting summary judgment on
appellants' negligence claim.

 The elements of a negligence cause of action are: (1) a duty; (2) a breach of that
duty; and (3) damages proximately caused by the breach of duty. See Firestone Steel
Prods. Co. v. Barajas, 927 S.W.2d 608, 613 (Tex. 1996). The plaintiff must establish both
the existence of a duty and the violation of that duty to establish liability in tort. Greater
Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). A prerequisite to tort
liability is the existence of a legally cognizable duty. Graff v. Beard, 858 S.W.2d 918, 919
(Tex. 1993). Whether a duty exists is a question of law. Joseph E. Seagram & Sons, Inc.
v. McGuire, 814 S.W.2d 385, 387 (Tex. 1991).

 The question of legal duty is a multifaceted issue requiring us to balance a number
of factors such as the risk and foreseeability of injury, the social utility of the actor's
conduct, the consequences of imposing the burden on the actor, and any other relevant
competing individual and social interests implicated by the facts of the case. Otis Eng'g
Corp. v. Clark, 668 S.W.2d 307, 309 (Tex. 1983); see 1 J. Hadley Edgar, Jr. & James B.
Sales, Texas Torts and Remedies § 1.03[2][b] (2000). Although the formulation and
emphasis varies with the facts of each case, the following three categories of factors have
emerged: (1) the relationship between the parties; (2) the reasonable foreseeability of
harm to the person injured; and (3) public policy considerations. See Graff, 858 S.W.2d
at 920; Greater Houston Transp., 801 S.W.2d at 525.

 Appellants argue that appellees, as accountants, breached their duty not to compete
against a former client. They assert that a former employee cannot use confidential
information or trade secrets acquired in his former employment to compete with his former
employer. However, appellees were not in an employer-employee relationship with
appellants. The only conduct that appellants complained of was the initial start-up
consultations, and these consultations did not entail the disclosure to appellees of any
trade secrets or confidential information. While appellees learned the fundamentals of
wireless internet services and the possibilities of a new market for wireless
communications, appellants presented no evidence of any confidential information or trade
secret utilized by appellees to appellants' detriment. 

 Further, when Shooshtari dissolved his former partnership with Sergio Cesar, the
two mutually agreed that Cesar would become a free agent - free to pursue his own
wireless communications business and not be bound by a covenant not to compete.

 Because there was no employer-employee relationship between the parties, we
conclude that no duty not to compete existed between the parties. Because appellants
have failed to present more than a scintilla of probative evidence to raise a genuine issue
of material fact, we hold that the trial court did not err in granting appellees' motion for
summary judgment on appellants' negligence claim.

3. Violations of DTPA


 We now examine whether the trial court erred in granting summary judgment on
appellants' claim that appellees violated the DTPA.

 The DTPA excludes claims for damages based on the rendering of a professional
service, such as the providing of advice, judgment, opinion, or similar professional skills. 
Tex. Bus. & Com. Code Ann. § 17.49(c) (Vernon 2002). The Act, however, provides a few
exceptions to this exclusion. Relevant here is the exception that one rendering
professional services may be liable for unconscionable actions that cannot be
characterized as advice, judgment, or opinion. Tex. Bus. & Com. Code Ann. § 17.49(c)(3)
(Vernon 2002).

 The DTPA defines an "unconscionable action or course of action" as "an act or
practice which, to a consumer's detriment, takes advantage of the lack of knowledge,
ability, experience, or capacity of the consumer to a grossly unfair degree." Tex. Bus. &
Com. Code Ann. § 17.45(5) (Vernon 2002); Morris, 981 S.W.2d at 677. Unconscionability
under the DTPA is an objective standard for which scienter is irrelevant. Morris, 981
S.W.2d at 677; Chastain v. Koonce, 700 S.W.2d 579, 583 (Tex. 1985). Taking advantage
of a consumer's lack of knowledge to a grossly unfair degree requires a showing that the
resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated. Morris,
981 S.W.2d at 677; Chastain, 700 S.W.2d at 584. Therefore, to survive the motion for
summary judgment, appellants had to produce more than a scintilla of probative evidence
to show that appellees took advantage of appellants' lack of knowledge and that the
resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated.

 After reviewing the record, we conclude there is no evidence to support appellants'
contention that by virtue of having started their own wireless communications company,
hiring Cesar, and actively competing against their former client, appellees engaged in
unconscionable acts. We also find no evidence that appellees' actions resulted in
unfairness that was glaringly noticeable, flagrant, complete, and unmitigated. Accordingly,
we conclude there is no evidence of unconscionable conduct on the part of appellees. 
Because appellants have failed to present more than a scintilla of probative evidence to
raise a genuine issue of material fact, we hold that the trial court did not err in granting
appellees' motion for summary judgment on appellants' claim that appellees violated the
DTPA.

 Having concluded that the trial court did not err in granting summary judgment on
appellants' claims for breach of fiduciary duty, negligence, and violations of the DTPA, we
overrule appellants' sole issue.

 We affirm the the trial court's order granting appellees' motion for summary
judgment.


 FEDERICO G. HINOJOSA

 Justice



Opinion delivered and filed this the

21st day of August, 2003.
1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court
of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).